**The People of the State of Illinois, Plaintiff-Appellee, v. James D. Ritchie, Defendant-Appellant.**

Gen. No. 10,637.

Fourth District.

January 11, 1966.

McCoy, Ming & Black, of Chicago (Ellis E. Reid, of counsel), for appellant.

John J. Bresee, State's Attorney of Champaign County, of Urbana, for appellee.

CRAVEN, J.

James D. Ritchie was convicted in the circuit court of Champaign County of the charges of rape and burglary. Two concurrent sentences of fifteen years to life were imposed. This appeal is from that proceeding.

It is here contended that the refusal of the trial court to allow the defendant's motion for a continuance, in order to enable him to obtain counsel of his choice, was an abuse of discretion. It is further contended that the trial court proceedings subsequent to the denial of the motion for continuance were so conducted as to deny the defendant a fair trial. Examination of this assigned

error necessitates a recitation, chronologically, of the proceedings immediately prior to and on the day of the trial.

The defendant was indicted on September 17, 1964, arraigned September 18, at which time he was represented by the public defender. He entered a plea of not guilty. In October the case was allotted for trial on November 9. On November 5 defendant appeared with his counsel, the public defender, waived trial by jury, and the prior trial allotment was vacated and the case was set for a bench trial November 24, 1964. On the date the matter was set for trial, the defendant appeared with his counsel, the public defender, and again made a motion for a continuance, asserting that relatives of the defendant desired to obtain for the defendant a private attorney to handle the case. The trial was on November 24.

The record with reference to this motion for continuance indicates that the public defender moved to continue the cause, and in so doing represented that a Chicago attorney by the name of Berkus had contacted the public defender and indicated he might enter his appearance in the case. On November 24 this same attorney had talked with the public defender by telephone, reasserting these same representations and requesting the public defender to obtain a continuance. The state's attorney objected, observing that the defendant had been in custody continuously since July 10, 1964, and that he had had ample opportunity to obtain counsel. The motion for continuance was denied.

The public defender then moved to vacate his appointment as counsel for the defendant, asserting his belief that he should not try the case under the circumstances then existent. After objection by the State, the motion was denied, whereupon the public defender stated: "I would like to show for the record I intend to not try the case. However, if I am appointed by the Court I will remain in the courtroom."

419

The defendant was then sworn and testified with reference to the efforts to employ private counsel, stated his desire to have an attorney represent him and that he did not desire the service of the public defender. This was followed by statements for the record by both the public defender and the state's attorney concerning the efforts of the defendant to obtain counsel and conversations relating thereto.

After the denial of the continuance and the denial of the motion to withdraw by the public defender, the court advised the public defender: "I think you should sit in the courtroom and give the defendant such help as he wants you to give him. What do you want to do, Mr. Ritchie? Do you want to try the case yourself? Or do you want the help of the Public Defender? What do you want?" The defendant replied: "Well sir, I do not want the help of the Public Defender. My family has hired a lawyer." Thereupon the court ordered the trial to proceed, the defendant to conduct his case himself, with the public defender ordered to sit in the courtroom available to represent the defendant, the use of the public defender's services to be optional with the defendant.

The trial proceeded with little representation of the defendant by the public defender and essentially none by the defendant.

 In People v. Solomon, 24 Ill2d 586, 589, 182 NE2d 736, the court stated:

> "The granting of a continuance to permit preparation for a case, or for the substitution of counsel, necessarily depends upon the particular facts and circumstances surrounding the request, and is a matter resting within the sound judicial discretion of the trial court. (People v. Surgeon, 15 Ill2d 236; People v. Clark, 9 Ill2d 46.) Before a judgment of conviction will be reversed because of the denial of

such a motion, it must appear that the refusal of additional time in some manner embarrassed the accused in preparing his defense and prejudiced his rights. (People v. VanNorman, 364 Ill 28; see also: Holt v. United States, (8th cir) 267 F2d 497; United States ex rel. Thompson v. Nierstheimer, (7th cir) 166 F2d 87; Crono v. United States, (9th cir) 59 F2d 339.)"

Further in the course of this opinion the court observed that the right of an accused to be represented by counsel of his own choosing in a criminal case is not to be employed as a weapon to indefinitely thwart the administration of justice or otherwise to embarrass the effective prosecution of crime.

Thus it seems clear that the granting of a continuance on the facts of this case must be measured by the standards set forth in the Solomon case. Here, the defendant, who had been continuously incarcerated, believed and represented to the court that his family or friends were obtaining private counsel. The record demonstrates that the defendant was cooperating with the public defender although, in some measure, dissatisfied with his services. The record further shows to us that the defendant was desirous of the assistance of counsel. The defendant had waived jury trial and his motion for a continuance, under the facts existing in this case, cannot be said to have been the exercise of a right for the purpose of frustrating the administration of justice.

We have examined the cases cited in support of the denial of the continuance and note substantial variations from the facts of this case. In People v. Barnes, 26 Ill2d 563, 188 NE2d 7, a continuance was sought on the day of trial on the ground that counsel had not had an opportunity to contact all the witnesses for the State. There the list of witnesses had been furnished from three to nineteen days prior to the date of trial. The court

found no abuse of discretion in the denial of the motion for continuance, particularly when the testimony of the witnesses was found to be merely cumulative. In People v. Robinson, 27 Ill2d 289, 189 NE2d 243, it affirmatively was shown that after discharge of court-appointed counsel no request for a continuance was made, but the defendant noted that he could obtain legal counsel. People v. Kenzik, 22 Ill2d 567, 177 NE2d 162, and People v. Bush, 32 Ill2d 484, 207 NE2d 446, both relate to waiver of counsel and the exercise of the concurrent right to conduct one's own defense rather than the propriety of granting a continuance.

A careful review of this entire record leads us to the conclusion that the denial of the continuance on the facts of this case was an abuse of discretion. Having reached this conclusion, we need not pass upon the applicability of section 113–3(b) of the Code of Criminal Procedure (Ill Rev Stats c 33, § 113–3(b), 1963), with reference to the appointment of other counsel.

We have, this date, filed an opinion in the case of People v. Ritchie, 66 Ill App2d 302, 213 NE2d 651, and there discussed the question of sentencing. The observations there made have equal applicability to this case.

For the reasons stated, the judgment of conviction is reversed and the case is remanded to the circuit court of Champaign County for a new trial.

Reversed and remanded for a new trial.

TRAPP, P. J. and SMITH, J., concur.