(No. 39870.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JAMES D. RITCHIE, Appellant.

*Opinion filed Dec. 1, 1966.—Rehearing denied Jan. 17, 1967.*

McCoy, Ming & Black, of Chicago, (Ellis E. Reid, of counsel,) for appellant.

John J. Bresee, State's Attorney, of Urbana, for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

In a bench trial in the circuit court of Champaign County the defendant, James D. Ritchie, was found guilty on a two-count indictment charging rape and burglary with intention to commit rape. Sentences of 15 years to life were imposed, to be served concurrently. On appeal, the Appellate Court for the Fourth District affirmed the judgment on the rape count and reversed the judgment on the burglary count. We have granted defendant's petition for leave to appeal.

The complaining witness, a 23-year-old unmarried woman, was employed as a waitress at Chanute Air Force Base and lived alone in a three-room trailer in an adjacent trailer park in Rantoul, Illinois. Defendant was an enlisted man stationed at Chanute. Neither party was acquainted with the other. At about 3:00 A.M. on July 10, 1964, the

girl was awakened by a noise at her bedroom window. Shortly thereafter the front door was forced open and she was confronted by a man who grabbed her, threatened to kill her if she screamed, informed her of his intentions, and proceeded to fulfill them though not to a sexual climax, for in the ensuing struggle she managed to free herself and, as she screamed for help, he departed. She immediately called the police station, informed them that a man had broken into her trailer, and, upon the arrival of a policeman a few minutes later, told him she had been raped and showed him a wallet she had found on the floor containing defendant's air force identification card and picture. At the officer's suggestion, she immediately left the trailer and reported for a medical examination which proved negative as to any bruises or physical evidence of a completed act of intercourse.

The officer examined the trailer, observed the disarray of the bedroom, the forced front door and a number of indentations or prints beneath the bedroom window measuring 2.3 by 2.7 inches, pictures of which were admitted into evidence.

At 5:10 A.M. the same morning defendant was picked up near the Base entrance. His right leg was encased in a walking cast up to his knee with a small rubber heel on the bottom. He was arrested, and, as he testified at the trial, denied he had committed the crime, had ever seen the complaining witness before, or been to the trailer. He stated he had been drinking, had attended a party at a house near the trailer, had left there about 3:00 A.M., had been just walking around since, and hadn't missed his wallet until the officer had asked him if he had it.

The complaining witness, prior to defendant's arrest, described him as about six feet tall with blonde hair, and stated that he was wearing dark trousers and a light shirt, and that he walked with a limp. She also picked his picture out of a group of 18 pictures shown to her. On defendant's

arrest and at the trial she positively identified him as her assailant.

Defendant questions the sufficiency of the proof not only to establish his guilt beyond a reasonable doubt, but also to establish such penetration as is necessary to prove an act of sexual intercourse. He argues that the picture on his I.D. card could have led to her identification of him and of his picture from other pictures shown to her; that she did not mention his plaster cast nor was there any evidence of plaster particles shown to have been found about the premises, nor any of defendant's fingerprints; that his shirt was blue striped and not just light colored; that her first complaint was one of burglary and not rape; and that her testimony of penetration was wholly refuted by the doctor's inability to confirm the fact by his physical examination.

To reverse a conviction on the evidence only, thereby substituting our judgment for that of the trial judge sitting without a jury, it is necessary that we find a clearly reasonable and well-founded doubt of the guilt of the accused. (*People* v. *Cox,* 20 Ill.2d 458.) This we cannot do. Here all the inferences from the evidence point toward defendant's guilt. His positive identification by the complaining witness is corroborated by the otherwise unexplained presence of his wallet found beside her bed and by the small, tell-tale marks found outside her bedroom window fitting the description of the heel of his walking cast. In the light of such evidence defendant's complaints as to variance in the description of the color of his shirt, and absence of evidence of plaster particles and fingerprints become minor. As to proof of penetration, the testimony of the complaining witness, which was detailed, is not in any way refuted or lessened in quality by the failure of the doctor's testimony to confirm, for as the doctor stated, his examination would neither prove nor disprove a recent rape. Nor can we say that the failure to mention rape on her first telephone report

to the police is of any probative value, for on the arrival of the officer within a few minutes thereafter she made a full report and agreed to an immediate medical examination.

As opposed to the testimony of the prosecutrix and the evidence corroborating her story, defendant offers only that he was not the man, that he was elsewhere, roaming the streets of Rantoul at the time. The trial judge chose to believe the evidence of the prosecution and under the facts we believe he was fully justified in his choice.

It is next urged that defendant was denied his constitutional guaranties of due process and equal protection of the laws under both the Federal and State constitutions in that no stenographic transcript was made of his preliminary hearing. He argues that without such transcript he was unable properly to impeach the testimony of the prosecutrix by confronting her with alleged conflicting testimony given by her at such hearing. He cites section 2 of the act relating to shorthand reporters (Ill. Rev. Stat. 1965, chap. 37, par. 163b) and quotes the following therefrom as requiring a stenographic report of a preliminary hearing: "The reporter shall take full stenographic notes of the evidence in trials before the court for which he is appointed, and stenographic notes of such other proceedings in trials as directed by the court and shall furnish one transcript of them, if requested by either party to the suit, or by his attorney, or by the court, to the person requesting it."

Conceding the apparent fairness of the statute on its face he nonetheless contends that it is being applied in an unconstitutional manner because in Champaign County, where his hearing and trial were held, and in other counties of the State, the practice is not to have a court reporter present at preliminary hearings, whereas in Cook County all such matters are stenographically recorded. He argues from this that he could have better presented his defense in Cook County than in Champaign and that such fact constitutes a discrimination against him and a denial of equal

protection contrary to the principles set forth in *Griffin* v. *Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585.

We do not believe that this issue is properly before us. Nothing in this record indicates that the Cook County practice is different than that of Champaign County in reporting preliminary hearings. Nor is it clear whether or not a stenographic report was taken of the preliminary hearing of this defendant. The record does not show that defendant requested the trial court to provide a reporter at the preliminary hearing, nor does it reveal any request for a report of the preliminary hearing. We therefore are of the opinion that defendant has not presented a substantial question that the statute has been applied in an unconstitutional manner.

As a part of its answer the State filed a petition for leave to cross-appeal from the judgment of the appellate court reversing defendant's conviction for burglary with intention to commit rape. The sense of the opinion appears to be that since the two crimes charged, *i.e.,* rape and burglary with intent to commit rape, arose out of the same conduct or transaction and against the same person it would be unfair and prejudicial to defendant to impose two sentences and therefore it reversed the burglary conviction, relying on *People* v. *Golson,* 32 Ill.2d 398; *People* v. *Squires,* 27 Ill.2d 518; and *People* v. *Schlenger,* 13 Ill.2d 63; and section 1—7(m) of the Criminal Code. Ill. Rev. Stat. 1965, chap. 38, par. 1—7(m).

The State convincingly argues that the principle set forth in the cited cases is not applicable; that the crimes there charged arose out of a single act, for instance, rape and incest involving the same person, and armed robbery and grand larceny involving the same money, whereas here there are two separate and distinct acts giving rise to separate and distinct substantive offenses. However, this question is not properly before us for review. The right of the State to appeal in a criminal proceeding is circumscribed by statute, (Ill. Rev. Stat. 1965, chap. 38, par. 120—1,) and

our Rule 27(4) (Ill. Rev. Stat. 1965, chap. 110, par. 101.27(4).) As a result of these provisions the State may appeal from the order of the appellate court in this case only if the substantive effect of its judgment results in dismissing an indictment, information or complaint. (*People v. Petropoulos*, 34 Ill.2d 179.) We believe that both the statute and our Rule were intended to codify the former provisions for appeals by the State appearing in Illinois Revised Statutes, chap. 38, par. 747, which provided in part that the State could sue out a writ of error to review a judgment "quashing or setting aside an indictment or information." (See Committee Comments, Smith-Hurd Anno. Stats., chap. 38, par. 120—1, p.p. 47-48.) We do not believe the reversal of the burglary conviction, after trial, by the appellate court meets the test for orders appealable by the State as set forth in the statute and our Rule 27(4).

The judgment of the appellate court is affirmed.

*Judgment affirmed.*