THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PIERRE ANDRE WILLIS, Defendant-Appellant.

(No. 11709; ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Fourth District—August 2, 1972.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Scott Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from a denial of post-conviction relief in the circuit court of Macon County. It is the contention of the appellant that at the

time of his initial trial wherein he was convicted of robbery upon his plea of guilty, that the trial court abused its discretion in denying the defendant a continuance and substitution of counsel and contends that his court-appointed counsel was not adequately prepared.

The record indicates that the defendant was arrested in May of 1968, an indictment was returned in July of 1968 charging him with deviate sexual assault and robbery. He entered a plea of not guilty; the assistant public defender was appointed for him; and the case was ultimately set for trial in August, 1968. On August 8, 1968, the defendant had received a letter from his mother indicating that an attorney, her employer, a Mr. Sanders, of Marion, Illinois, was interested in the case, but the letter apparently mentioned that Sanders would be on vacation from August 8 to some period close to the trial date, which was fixed at August 19 and ultimately begun on August 26, both in 1968. Defendant's testimony is to the effect that on three days prior to the August 26 trial date he attempted to contact Mr. Sanders but was not allowed to do so. On the day of the trial jury selection was started and the public defender approached the bench and asked for a continuance. The court permitted a short recess and allowed the defendant to call Sanders, the attorney. As to that which transpired thereafter there is a conflict in the record in the sense of the recitations by the court in the record as contrasted to the defendant's testimony and that testimony and affidavit of Sanders which stands otherwise uncontradicted. Sanders in an affidavit stated that he resided in Marion, Illinois, some 175 miles away from the location of the trial court, and that he understood he was given only 30 minutes to come to court and enter his appearance. He stated that he had agreed to and would represent the defendant. The court apparently did not have this understanding as the record states that Sanders refused to enter his appearance. Sanders in his testimony at the post-conviction proceeding said he talked with the public defender and that the judge insisted on going to trial and that he could not get to the court house in the allotted time. There was no testimony counter to this. The assistant public defender and counsel for the defendant executed an affidavit which was attached as an exhibit to the People's Answer and in his affidavit he makes no reference to the efforts to obtain a continuance nor to the conversation with Sanders. He does make reference to numerous and lengthy conversations with the defendant on August 26, asserts that he did not state nor represent that he would not represent the defendant in the jury trial, and then the affidavit states that the public defender "consistently stated to defendant that if he were convicted after a jury trial, he would receive at least a sentence of a minimum of ten years and a maximum of twenty years, but that the State's Attorney would recom-

mend a minimum of two years and a maximum of ten years if the defendant decided to enter a plea of guilty to the charge."

Upon the denial of continuance, the defendant's plea of not guilty was withdrawn and after admonition he entered a plea of guilty and received a sentence of not less than two nor more than ten years.

Upon the record before us, we must conclude that there was an abuse of discretion in denying the defendant a continuance for purpose of substitution of counsel and that such denial required the grant of relief in the post-conviction proceeding.

■■ The testimony of the defendant, the affidavit and testimony of Sanders, is uncontradicted and is to the effect that the defendant desired Sanders' services as an attorney, did all that he could do considering his incarceration to contact Sanders as soon as practicable after Sanders returned from his vacation, and that Sanders would have undertaken to represent the defendant and that the defendant called him a day or so after he returned from his vacation. Sanders, in fact, had previously undertaken to obtain information as to this proceeding upon hearing of the same by news media and called the county jail to make certain inquiry.

■■ While the defendant has a right to be represented by counsel of his own choice and he should be given a full opportunity to select and employ his own attorney (*People v. Green,* 42 Ill.2d 555, 248 N.E.2d 116), it is true as the People urge that such right cannot be used to thwart the administration of justice. Such does not seem to be indicated by this record. In *People v. Ritchie,* 66 Ill.App.2d 417, 213 N.E.2d 306 (affirmed 36 Ill.2d 392, 222 N.E.2d 479), we discussed the rights of the defendant with reference to employment of counsel and what constitutes an abuse of discretion to denying a continuance for substitution of counsel. In considering that issue, it is relevant to inquire as to whether the defendant has been continuously incarcerated, that he had informed the trial court of efforts to obtain retained counsel, that he had manifested a dissatisfaction with the services of appointed counsel and yet had cooperated with the public defender. The criteria set forth in *Ritchie* are found in this record.

The judgment of the circuit court of Macon County denying post-conviction relief is reversed. This cause is remanded to that court with directions to allow the relief prayed in the post-conviction proceeding, to vacate the judgment of conviction and sentence, and to order a new trial.

Reversed and remanded with directions.

SMITH and SIMKINS, JJ., concur.