THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EARL HAMILTON, Defendant-Appellant.

(No. 12158;

Fourth District—February 27, 1974.

Paul Bradley, Deputy Defender, of Chicago (Howard Augustus, Assistant Appellate Defender, of counsel), for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Martin P. Moltz, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

■■ This is an appeal from a judgment of the circuit court of Sangamon County imposing a sentence of 10 to 30 years on a conviction of armed robbery following a guilty verdict by a jury. Two issues only need to be considered. (1) Did the trial court abuse its discretion in denying a continuance on the day the trial started and (2) did the trial court incorrectly limit defense counsel's impeachment of a crucial State witness because of the provisions of the Juvenile Court Act? Both answers must be in the affirmative and the cause remanded for new trial.

The court had appointed a public defender who appeared with the defendant at the time of the arraignment. This attorney asked leave to withdraw on the grounds that he was not prepared for trial and because the defendant had stated he wanted other counsel as his present counsel had insisted he plead guilty to the charge of armed robbery. The trial court granted the defendant's request and contacted another public defender and "told him to be here at 1:30." In granting the defendant's request for new counsel, the court noted, "Well, I'll give you one, but you're going to go to trial this afternoon." The second attorney moved for a continuance of a week's duration in order to prepare for trial. The court denied the motion and jury selection began about 3:00 P.M. that same afternoon. The trial did proceed and the conviction followed.

■■ We recognize that granting a continuance based upon defense counsel's lack of preparation is within the trial court's discretion and on review the denial of the continuance on that ground will not be disturbed unless this discretion has been abused. (*People v. Hayes*, 52 Ill.2d 170, 287 N.E.2d 465.) From the facts in this record, it is patent that defense counsel went to trial basically on an *ad lib*. basis. Thirteen witnesses were listed as State's witnesses as well as some documents. We likewise recognize that continuances may not be utilized to thwart the adminstration of justice or as a vehicle for improper dilatory tactics. There is nothing in this record to suggest that either of these was the motivating foundation for the continuance here. This court previously considered

the circumstances under which a continuance may not appropriately be denied. (*People v. Willis*, 6 Ill.App.3d 980, 286 N.E.2d 72; *People v. Ritchie*, 66 Ill.App.2d 417, 213 N.E.2d 306, aff'd, 36 Ill.2d 392, 222 N.E. 2d 479.) In the case at bar, the first attorney indicated that he was not prepared for trial and it is therefore apparent that he would have been of little assistance to the second attorney so far as the use of his file was concerned. In *People v. Green*, 42 Ill.2d 555, 248 N.E.2d 116, the court was dealing with the question of defendant's right to counsel of his own choice and he apparently thought he had one. Without verifying the statements made by the defendant that a church had agreed to provide him with counsel, the court stated, "We will appoint a public defender to represent you. You are going to trial. We are going to pass this case and you are going to trial today." Any distinction between counsel of defendant's own choice and a prepared counsel is we think purely semantic. On the record here it is apparent that defense counsel had to proceed to trial and try it more or less by ear. It is unfair to a defendant or to an experienced attorney to be required to operate on such a time limitation and schedule in an armed robbery case. As stated in *Green*, the trial court "summarily denied his request for a continuance and insisted that he go to trial that day, represented by an assistant public defender who had no opportunity to investigate the case." In our judgment, this case as well as ordinarily accepted principles of due process suggests that a defendant is entitled to representation in a criminal case by an attorney who has had a reasonable opportunity to prepare. Dilatory and repeated continuances are abhorrent to the principles of due process. Trials without the opportunity for adequate preparation are likewise equally abhorrent.

■■ The second question raised on this appeal is whether or not the trial court unduly restricted the cross-examination of a codefendant who testified for the People. While the testimony of an accomplice is, of course, admissible, it has long been recognized that it is subject to grave suspicion and scrutiny. (*People v. Harvey*, 321 Ill. 361, 152 N.E. 147.) The codefendant was permitted to enter a plea to a Juvenile Court petition charging delinquency on the basis of theft under $150 for his part in this armed robbery. Defense counsel sought to impeach the witness' credibility with this record of conviction. The trial court refused to allow such impeachment because of the provisions of the Juvenile Court Act. (Ill. Rev. Stat. 1971, ch. 37, par. 702—9.) It is well recognized that the widest latitude is permitted in allowing a defendant to show the jury any facts, circumstances or treatment that will provide or support any bias or motive for testifying falsely. (*People v. Barr*, 51 Ill.2d 50, 280 N.E.2d 708.) This same rule applies to a minor. In

*People v. Norwood,* 54 Ill.2d 253, 296 N.E.2d 852, the Illinois Supreme Court held specifically that the Juvenile Court Act above cited does not bar disclosure of juvenile records of a juvenile witness "[i]nsofar as they might be revelant to the defendant's claim that the witness' testimony was attributable to lenient treatment which he had received or had been promised." The People seek to distinguish this case on the grounds that in *Norwood* the witness was the only witness to implicate the defendant. We do not believe that the principles laid down in *Norwood* can be restricted to such a set of facts. Whether the testimony of a minor codefendant is crucial, necessary to conviction or merely cumulative, its weight and credibility should be weighed on the same scales and by the same tests as any other witness.

For the reasons stated, the judgment of the trial court must be reversed, and this cause remanded to that court for a new trial.

Reversed and remanded.

SIMKINS and KUNCE, JJ., concur.