THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEBRA SULLIVAN, Defendant-Appellant.

Fourth District   No. 14313

Opinion filed September 26, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Donald R. Parkinson, Assistant State's Attorney, and Richard A. Current, law student, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns a facet of the problem introduced in balancing the right of a defendant to a well-prepared counsel of her own choosing against the rights of the prosecution, court, jurors and witnesses to an efficient disposition of cases without unreasonable delay. Defendant Debra Sullivan was found guilty by a Macon County circuit court jury of driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501) and was subsequently sentenced to 45 days'

imprisonment. She appeals contending that the trial court abused its discretion in denying her last motion for a continuance.

On October 16, 1976, defendant was charged, arraigned and upon her request given the services of the public defender. On that date, the case was allotted for trial on November 15, 1976, and for pretrial conference on November 9, 1976. On November 9, 1976, she appeared with the public defender and demanded immediate jury trial. On November 18, 1976, the case was called for jury trial. The presiding judge then recited into the record that he had just received a phone call from a lawyer who indicated that he had just been retained by the defendant and requested a continuance. The judge noted that he was reluctant to continue the case but granted a continuance until November 22, 1976, four days later.

On November 22, 1976, an attorney named Dale W. Broeder from Chicago acting on behalf of defendant, filed a motion to suppress all reference to the defendant's taking of or refusal to take a breath analysis test and a motion to dismiss the case upon the grounds that the defendant was an alcoholic. The latter motion was apparently based upon the theory that driving under the influence of intoxicating liquor is an offense based on status and thus constitutionally impermissible under *Robinson v. California* (1962), 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417. The motion was supported by the affidavit of Mr. Broeder stating that he believed the defendant to be a chronic alcoholic based upon his observation of her in representing her in various recent civil and criminal cases. Mr. Broeder, the public defender, the defendant and the prosecutor all appeared before the court when the case was called for trial. The prosecutor stated that he was having difficulty in determining who represented the defendant. The defendant complained that she had not had a chance to talk to either attorney about the case. The public defender indicated that he had not prepared for the case because of Broeder's representation to him that Broeder would represent defendant. After some conversation back and forth, defendant admitted that she had talked to Broeder but had not told him very much about the case. Broeder made no statement as to the amount of discussion he had with the defendant about the case nor did he state whether he was in fact prepared. The court did not require him to do so.

The prosecutor informed the court that he had subpoenaed his witnesses and was ready for trial. The court informed the defendant that he was ordering the case to proceed to trial and required defendant, Broeder and the public defender to confer to see who was going to represent the defendant. After such a meeting, the defendant informed the court that, if required to proceed with one of the two lawyers, she would request the public defender to represent her. The public defender

made a motion to continue the case to the next jury sitting because of his lack of preparation. The motion was denied and the case went to trial.

■■ Defendant admits that the granting of a motion for continuance because of the lack of preparation of defense counsel is a matter of discretion with the trial court, but contends that the trial court abused that discretion because the court required defendant to choose between lawyers who were both unprepared and then to proceed to trial.

The instant situation differs from that in *People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116, and *People v. Ritchie* (1966), 66 Ill. App. 2d 417, 213 N.E.2d 306, or their progeny. In those cases, an indigent defendant with court appointed counsel appeared on the date of trial or hearing and informed the court that the defendant had obtained private counsel or others had obtained counsel for him. In both cases, the trial court's denial of the defendant's request for a continuance to enable new counsel to appear and prepare for trial was held to be reversible error. In neither *Green* nor *Ritchie* did the defendant know who that counsel was nor had that counsel contacted the court. Nevertheless, the importance of enabling the defendant to exercise his right to be represented by counsel of his own choosing is generally deemed to outweigh the inconvenience to the prosecution, witnesses, court and jury, if a jury trial is involved, unless it is shown that the defendant's actions were taken for the purpose of delay. This rule is followed even though it is difficult for the trial court to determine the defendant's motive and even though the rule tends to encourage a previously indigent defendant who can obtain counsel, to delay the selection of counsel until the trial date approaches.

■■ The *Green* and *Ritchie* situation arose in this case on November 18, 1976. The presiding judge responded pursuant to the precedent of those cases by granting the defendant a continuance of four days. That was not a very long period of time, but the record indicates that Mr. Broeder must have known about the case before November 18 because he informed the public defender that he was going to represent the defendant a sufficient length of time before November 18 so that the public defender did not prepare for the November 18 trial. Broeder was familiar with the defendant because of his prior representation of her. The case was not a complicated one. We do not know what preparation Broeder made, but apparently he frittered away at least part of the time allotted with a frivolous motion to dismiss. The record does not show that Broeder was not given sufficient time to prepare.

■■ Where, as here, a defendant has not been denied the opportunity to be represented by counsel of the defendant's own choosing and the sole question is whether the defendant was required to proceed with counsel who was unprepared, the precedential decisions indicate that the

reviewing court may consider the denial of a continuance from the hindsight of the record to determine if the defendant was substantially prejudiced by being required to proceed. In *People v. Hayes* (1972), 52 Ill. 2d 170, 287 N.E.2d 465, the supreme court affirmed a conviction where the trial court, in an armed robbery case, refused a continuance for purposes of preparation requested by a defense counsel who had been substituted in that case on the date of trial. The prior attorney had been given full time to prepare and had received various continuances. The supreme court found that the defendant had not been prejudiced because of the lack of preparation by his trial counsel because the record showed that he had done a competent job. Likewise, the record here shows that the public defender did a competent job.

In *People v. Hamilton* (1974), 17 Ill. App. 3d 740, 308 N.E.2d 216, this court reversed an armed robbery conviction where, on the date of trial, the court had permitted the regular public defender to withdraw and appointed another attorney to represent the defendant and then required that attorney, with no chance to prepare, to proceed to trial on that date. This court distinguished the case from *Hayes*, noting that 13 witnesses and various documents had been listed by the prosecution indicating that the case was complicated. This court also noted that an armed robbery charge was a serious one. Here, the charge was a misdemeanor and the case a simple one. The proof of defendant's guilt was sufficient. No indication was given at the hearing on the post-trial motion that any further defense evidence would have been adduced had the case been continued. There is no overt indication that the defendant suffered by the public defender's lack of preparation.

The process of trying cases in Macon County was interrupted at the last minute to give defendant an opportunity to be represented by counsel of her own choosing. That counsel was given a reasonable time to prepare under the circumstances of the case. Whether for lack of his preparation or for other reasons, she chose not to proceed with his representation. The record does not indicate that she was prejudiced by the lack of preparation of the court appointed attorney who did represent her. To have granted a further continuance would have further upset a trial schedule, inconveniencing the court, prosecution and jury. It would also have inconvenienced subpoenaed witnesses. We do not deem the court's denial of a further continuance to be an abuse of discretion.

The conviction and sentence are affirmed.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.