THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHEN D. BARNES, Defendant-Appellant.

Fourth District No. 4—84—0476

Opinion filed February 26, 1985.—Rehearing denied March 25, 1985.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Tim P. Olson, State's Attorney, of Jacksonville (Robert J. Biderman and Gwendolyn Klingler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Following a jury trial, defendant Stephen Barnes was convicted of speeding, driving under the influence of alcohol, and unlawful possession of cannabis. He was sentenced to concurrent one-year terms of probation on the condition that he serve 23 days in jail. Defendant appeals his convictions and sentences on the grounds: (1) that the trial court failed to comply with the provisions of Supreme Court Rule 401 (87 Ill. 2d R. 401) when accepting defendant's waiver of counsel, and (2) that the court abused its discretion in denying defendant's request for continuance made on the day of trial. We affirm.

A review of the procedural history of the case is necessary to deciding the issues raised on appeal. On March 14, 1984, defendant was charged by information with possession of cannabis and by complaint with the vehicle offenses. At his first appearance on that date, the trial court determined that defendant was indigent and appointed public defender William Schildman as counsel. Defendant was represented by Schildman at the preliminary hearing on March 19, 1984. Subsequently, attorney Schildman filed a motion for discovery and a motion for continuance on defendant's behalf. Schildman also appeared for defendant at the pretrial conference on April 4, 1984, when the motion for continuance was allowed.

During the pretrial conference held on May 2, 1984, defendant requested a different court-appointed attorney, because Schildman purportedly believed defendant to be guilty. Schildman denied this allegation and sought to withdraw as defendant's counsel. The judge continued the matter and indicated that he would decide the question at a status call set for May 4, 1984. Defendant failed to appear on

May 4, however, and the request was not decided.

On the day set for jury trial, May 8, 1984, defendant reiterated the charge that Schildman believed him to be guilty and indicated that he lacked confidence in Schildman's ability to properly represent him. Schildman acknowledged defendant's lack of faith in his abilities. Nevertheless, the trial judge expressed his complete confidence in Schildman's abilities and denied the motion to withdraw. The judge informed defendant that he would appoint Schildman to serve in an advisory capacity unless defendant refused. Defendant replied: "Yes, I would like Mr. Schildman to be there with me to assist me." At this time, the court also denied a motion for continuance which defendant had made that day.

The record indicates that attorney Schildman took an active role in the subsequent proceedings. Pursuant to defendant's request, Schildman presented evidence and arguments in support of a motion to suppress prior to trial. During trial, defendant consulted with Schildman frequently. Once, during defendant's cross-examination of a State's witness, defendant interrupted the examination to consult with Schildman before proceeding to conclude the questioning. In the course of presenting the defense evidence, defendant consulted with Schildman on the method for introducing physical evidence; later, a 10-minute recess was allowed to permit defendant to consult with Schildman on the admissibility of a medical encyclopedia; and defendant consulted Schildman several times on how to subpoena a witness.

When the court granted a recess to allow defendant to subpoena a witness, the judge inquired whether defendant sought to continue on his own. Defendant responded that he did and indicated that Schildman had been answering his questions. The record shows that defendant consulted with Schildman in reference to admitting additional documents in evidence, and, once again, just prior to resting the defense case. Afterwards, Schildman accompanied defendant to the judge's chambers to listen to a tape which the State sought to introduce in rebuttal. Schildman participated in the instruction conference and suggested particular defense instructions. Finally, defendant consulted with Schildman prior to making his closing argument.

 On appeal, defendant argues that the judgment must be reversed, because the trial court failed to admonish him according to Supreme Court Rule 401 prior to accepting his waiver of counsel. Defendant notes that the rule requires strict compliance, yet the record reveals no attempt on the part of the court to fulfill the requirements of the rule. The State contends, however, and we agree, that defendant did not waive his right to counsel in the meaning of the

rule; therefore, the trial court was not required to administer the admonishments required by Supreme Court Rule 401.

Defendant initially sought to replace public defender Schildman with other appointed counsel. It is clear, however, that an accused has no right to choose his own appointed counsel (*People v. Lewis* (1981), 88 Ill. 2d 129, 430 N.E.2d 1346), and the trial court found no reason to reconsider its appointment of Schildman. On appeal, defendant does not appear to quarrel with the propriety of this particular ruling. Subsequently, when defendant's request for the appointment of other counsel was denied, defendant announced that he desired to represent himself. In response, the trial court indicated that it would appoint Schildman in an advisory capacity unless defendant refused. Defendant specifically stated that he wished Schildman to be with him during trial to assist him.

■ A waiver of counsel occurs when a defendant in a criminal case advises the court that he does not wish the assistance of counsel and chooses to stand alone.

> "Where, however, a defendant requests that he be allowed to conduct his own defense with the assistance of a court-appointed lawyer, he does not waiver the right to counsel. He seeks, instead, the best of both worlds: freedom to conduct his own defense and benefit from the assistance of counsel." (*People v. Lindsey* (1974), 17 Ill. App. 3d 137, 141, 308 N.E.2d 111, 115.)

In *Lindsey*, the accused initially indicated that he wished to represent himself. Despite this indication, the court suggested that the counsel appointed for the accused stay on call and assist during trial. The court inquired: "Stay on call to assist you?" The accused replied: "That's right." In the case at bar, the record indicates not mere acquiescence in the appointment of standby counsel, as occurred in *Lindsey*, but an explicit request for the assistance of counsel. Under these circumstances, the requirements of Rule 401 clearly have no application. See *People v. Nieves* (1982), 92 Ill. 2d 452, 442 N.E.2d 228; compare *People v. Derra* (1981), 92 Ill. App. 3d 1106, 416 N.E.2d 688, where the accused did not request the appointment of standby counsel, and counsel assumed a passive, virtually silent role during trial.

■ Defendant also contends that the trial court abused its discretion in denying his motions for continuance made on the day of trial. Prior to trial, defendant sought a continuance for the purpose of gathering evidence and researching "court procedure and law." The request was denied when the trial court announced that it would appoint counsel to advise defendant during trial. Defendant suggests

that he was in the same position as new counsel appointed on the threshold of trial (see *People v. Hamilton* (1974), 17 Ill. App. 3d 740, 308 N.E.2d 216), and therefore a continuance was mandatory. We do not agree. Attorney Schildman was counsel of record from his appointment on March 14, 1984, to the time of trial on May 8, 1984. The record shows that Schildman participated actively in the preparation of the case, and proved ready to present evidence and arguments in support of a motion to suppress on the day of trial. Defendant proceeded to trial with Schildman serving as his advisor, and he repeatedly turned to Schildman for advice and consultation. The distinction between this situation and the circumstances in *Hamilton* is patent. Defendant cannot at once avail himself of the assistance of counsel who is well prepared for trial, and yet contend that a continuance was required because he personally was not ready for trial. The denial of the pretrial request for continuance represents no abuse of discretion on the facts presented.

During trial, the court granted a short recess to permit defendant to subpoena a doctor. Defendant sought the doctor's testimony for the purpose of establishing the effects of carbon monoxide poisoning, which, defendant theorized, was the true cause of his intoxication at the time of his arrest. The subpoena required the doctor to appear at 1:30 that same afternoon; the doctor did not appear and the defendant requested the court to order the sheriff to bring the doctor to court. On the State's motion, the court quashed the subpoena on the grounds that no foundation had been laid to render the anticipated testimony relevant. Specifically, the court found that there was no testimony to indicate defendant had breathed carbon monoxide fumes.

■ Our review of the record discloses that defendant did not seek a continuance when the trial court declined to enforce the doctor's presence. We interpret defendant's argument as a claim that the court should have declared a continuance *sua sponte*. On the record before this court, we cannot hold that this was error. The only conceivable foundation for the doctor's testimony was defendant's testimony that he was confused rather than drunk, and the testimony of other witnesses that they had smelled exhaust fumes inside defendant's vehicle in the past. When defendant later added more facts in evidence to establish a foundation for the doctor's testimony, he did not renew his motion to compel the appearance of the doctor, and did not then seek a continuance. In the absence of a request for a continuance or any reasonable foundation for the anticipated testimony, we cannot conclude that defendant has demonstrated an abuse of discretion in this connection.

For the reasons stated herein, we affirm the judgment.

Affirmed.

GREEN, P.J., and WEBBER, J., concur.