THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIC LITTLE, Defendant-Appellant.

First District (4th Division)   No. 1—89—1050

Opinion filed December 20, 1990.

JIGANTI, J., dissenting.

Randolph N. Stone, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Following a bench trial, defendant was convicted of theft and sentenced to a two-year term of imprisonment. On appeal defendant contends that he was denied his constitutional right to counsel of his own choosing when the trial court denied his motion, made on the .day of trial, for a continuance to substitute appointed counsel with a private attorney retained by his family.

Defendant was arrested for theft on September 25, 1988, and was in custody from that date until his bench trial on March 1, 1989. During this period, the case was continued eight times, four of which were "by agreement," three pursuant to motions by the State and one by the trial court. Defendant, through his attorney, an assistant public defender, demanded trial on October 14, 1988, and again on January 12, 1989. Trial was set for March 1, 1989. On that date, defendant moved for a continuance because the private counsel retained by his family was misinformed of the trial date and was not present in court. The following colloquy then occurred:

"DEFENDANT: Your Honor, I was wondering, could I postpone this because I have to pay a lawyer. I got a paid lawyer now.

THE COURT: The only problem is the state is down here and they have all their witnesses, so we are going to have to go to trial. You demanded trial on January 12th.

MR. FISHER [Assistant State's Attorney]: Four times, Judge.

THE COURT: Motion state.

[DEFENDANT]: Like I was saying, so I'm entitled to three continuances, am I?

THE COURT: No, not after you demand. Once you demand, the state shows up with the witnesses, the state has got to go. Okay?

We'll pass it and let you talk to your lawyer.

(Case passed.)

***

MR. MURPHY [Public Defender]: Judge, this is Eric Little before the bench.

Your Honor, for the record, his family contacted me and they said they have hired Mr. Pride as his attorney. I just learned about it this morning, that they are in contact with Mr. Stillo, I think, who is associated with Mr. Pride, and we would be respectfully asking this court to continue this matter so they can come in and file their appearance in the case.

Judge, I have tried, I have had the family contacting the attorney and asking him to call me and verify it. Also I have asked them to have an attorney come in.

THE COURT: You demanded trial on January 12, 1989, and it was continued to January [2]6th, [sic] at which time you continued to demand trial. That was put over for today. Today the state's witnesses showed up, so as I see it here,

there's no attorney that showed up here to advise me he's going to represent the defendant; therefore we are going to trial today.

[ASSISTANT PUBLIC DEFENDER]: Judge, the family gave him the wrong date, that's why the attorney isn't here.

THE COURT: Counsel, you have been demanding for three months. We have a term going, and when witnesses show up you can't ask for a continuance.

[ASSISTANT PUBLIC DEFENDER]: Well, Judge, he also has a right to counsel of his choice.

THE COURT: I understand that, counsel, but you're prepared to go ahead here, you have been demanding trial for three months, or a period of two months, so therefore, when the witnesses show up we have to go ahead, counsel.

[ASSISTANT PUBLIC DEFENDER]: Judge, I know I'm prepared, I'm ready to go to trial, but he does not want to be represented by me at this trial.

THE COURT: Counsel, you're his attorney."

Trial immediately commenced after which defendant was found guilty and sentenced. Defendant's post-trial motion was denied, and this appeal followed.

OPINION

Defendant's only contention on appeal is that he was denied his constitutional right to counsel of his choice when the trial court summarily denied his motion for a continuance to enable private counsel retained by his family to appear and represent him. The State maintains the denial was a proper exercise of the trial court's discretion.

■■ It is well settled that the constitutional right to counsel includes the right to be represented by retained counsel of one's own choosing. (*People v. West* (1990), 137 Ill. 2d 558; *People v. Payne* (1970), 46 Ill. 2d 585, 264 N.E.2d 167; *People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116.) A determination of whether to grant a defendant's request for a continuance to allow time for retained counsel to appear requires a balancing of the fundamental right of the defendant to counsel of his choice (*People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229; *People v. Washington* (1990), 195 Ill. App. 3d 520, 352 N.E.2d 1067), against the interests of the State, the courts and the witnesses in the efficient disposition of cases without unreasonable delay (*Friedman*, 79 Ill. 2d 341, 403 N.E.2d 229; *Washington*, 195 Ill. App. 3d 520, 352 N.E.2d 1067; *People v.*

*Sullivan* (1977), 52 Ill. App. 3d 666, 367 N.E.2d 1042).

■ The balancing of these competing interests requires a review of the diligence shown by the defendant (*Friedman*, 79 Ill. 2d 341, 403 N.E.2d 229; *Washington*, 195 Ill. App. 3d 520, 352 N.E.2d 1067), and an inquiry into the reason for requesting the continuance to determine if the request is based upon verifiable and truthful statements by defendant in support of the motion or is being made merely as a delaying tactic (*Green*, 42 Ill. 2d 555, 248 N.E.2d 116). The right to counsel of one's own choosing cannot be permitted to be used as a weapon to indefinitely thwart the administration of justice or otherwise impede the effective prosecution of crime (*Friedman*, 79 Ill. 2d 341, 403 N.E.2d 229; *Green*, 42 Ill. 2d 555, 248 N.E.2d 116; *Washington*, 195 Ill. App. 3d 520, 352 N.E.2d 1067; *Payne*, 46 Ill. 2d 585, 264 N.E.2d 167; *People v. Ritchie* (1966), 66 Ill. App. 2d 417, 213 N.E.2d 306). The granting or denial of a continuance motion is within the sound discretion of the trial court, and its ruling is not to be disturbed unless that decision amounts to an abuse of discretion (*Friedman*, 79 Ill. 2d 341, 403 N.E.2d 229; *Washington*, 195 Ill. App. 3d 520, 352 N.E.2d 1067). A determination as to whether the denial of a motion for a continuance violated a substantive right of the accused turns upon the particular facts of each case (*Friedman*, 79 Ill. 2d 341, 403 N.E.2d 229; *Washington*, 195 Ill. App. 3d 520, 352 N.E.2d 1067).

Defendant argues that the trial court abused its discretion and violated his constitutional rights by denying his request for a continuance because the court made no inquiry to verify his and the public defender's representations that the family had retained an attorney, whose identity was provided to the court, paid the attorney and mistakenly misinformed the attorney of the trial date. Defendant also asserts that the court's denial of his continuance motion was not based on the necessary finding that the request was calculated merely to cause delay or to impede the efficient administration of justice. Rather, defendant argues, the court denied the continuance on its incorrect interpretation of the law that a continuance cannot be granted once a defendant has demanded trial and the witnesses are present in court.

The State responds that the denial of the request for a continuance was proper because the request was not made until the morning of trial when all necessary parties and witnesses were present. The State argues that the motion was untimely and unreasonable because the case had been pending for five months during which it had been continued numerous times, and that throughout that time,

defendant had "constantly" demanded trial. The State further asserts that reversal is not warranted because defendant received competent representation by the public defender and therefore was not prejudiced.

We find the case at bar to be strikingly similar to *People v. Washington* (1990), 195 Ill. App. 3d 520, 352 N.E.2d 1067. In a well-reasoned opinion, the appellate court in *Washington* reversed the defendant's conviction, ruling that the defendant had been denied his constitutional right to counsel of his own choosing. After reviewing the relevant principles of law and the record in the case, the *Washington* court stated that it found no indication of any prior attempts by the defendant to delay the proceedings, noting that none of the five continuances in the case was occasioned by the defendant. The reviewing court also stated that there was nothing to indicate that the defendant's continuance request was interposed as a delaying tactic, especially in light of the relatively short continuance requested (one week), and the evidence that the court received a call from the secretary of the attorney whom defendant stated his family had retained, explaining his absence. The *Washington* court placed particular emphasis on the fact that the trial court made no inquiry into the defendant's representation that a private attorney had been retained. The court stated that if the trial court suspected defendant's request was made merely as a delaying tactic, it could easily have confirmed or dispelled that suspicion by inquiring further into the alleged hiring of private counsel, whose name had been given by defendant's family to the public defender. The court noted that if the trial judge had conducted such an inquiry prior to trial, he would have learned, as he did at the hearing on post-trial motions, that the family had hired an attorney, but that the attorney was unable to appear on the date set for trial.

The *Washington* court found the facts before it similar in many key respects to the facts in *People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116, *People v. Willis* (1972), 6 Ill. App. 3d 980, 286 N.E.2d 72, and *People v. Ritchie* (1966), 66 Ill. App. 2d 417, 213 N.E.2d 306. In *Green*, the Illinois Supreme Court reversed a denial of a trial-day motion for a continuance where the defendant advised the court that his church had paid for private counsel but that the attorney was out of State completing another case. The supreme court found that defendant's constitutional right to counsel of his choice was violated by the trial court's failure to conduct an inquiry into the truth of the defendant's assertions and by its order to proceed to trial that day. In *Willis*, the appellate court reversed the

denial of a motion for a continuance made on the day of trial where the record revealed that the defendant had been incarcerated since his arrest, had informed the trial court of his efforts to obtain private counsel and expressed dissatisfaction with the services of appointed counsel. In *Ritchie*, the denial of a trial-day motion for a continuance was held erroneous on the basis that defendant had continuously been in custody for four months, that he informed the court that his family was seeking to obtain private counsel, that he did not desire the services of the public defender, and that the public defender moved to vacate his appointment as counsel at defendant's request. As a result of defendant's statements that he desired private counsel and did not want the public defender's representation, he proceeded to trial essentially unrepresented.

The dissenting opinion in the instant case relies upon *People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229. However, the facts in *Friedman* are not similar to the facts in the case at bar. In *Friedman*, the defendant was accused of conspiracy and theft by deception for activities involving the inducement of unsophisticated investors into worthless enterprises. The defendant was not in custody. His post-arraignment motion to be allowed to travel outside the State for business purposes was granted. Initially, he had been represented by private counsel who subsequently withdrew. The defendant's private counsel was replaced with appointed counsel, the public defender. At the time that counsel was appointed for him, Friedman was advised that he could substitute retained counsel only on the condition that he be ready for trial, scheduled three months later. Approximately two months prior to trial, the defendant wrote to the court expressing dissatisfaction with appointed counsel, claiming that numerous calls he made to the public defender went unanswered. The public defender asserted there was no record of such calls in the office log, and that he had written to the defendant in Arizona to ensure that he had the correct telephone number. The court informed Friedman by letter that if preparation of his defense required that he return to Illinois, he should do so. The court further indicated that it would consider the State's motion to restrict defendant's travel. The court then set a final trial date. On that date, defendant appeared in court with a letter from an attorney who stated that defendant had contacted him only three days prior to the final trial date. The attorney's letter further stated that he could not appear that day because he was engaged in a trial elsewhere on the specified date. The attorney indicated that he would assume representation only if given additional time to pre-

pare. Given all these facts, the *Friedman* court held that the defendant had not been diligent in seeking to obtain counsel and that because of this lack of diligence it was reasonable for the trial court to assume that his request for a continuance was made solely for the purpose of delay.

The *Washington* court found *Friedman* readily distinguishable from the case before it. We similarly find *Friedman* inapposite to the case at bar. As in *Washington*, the record before us reveals that defendant was in custody during the more than five-month period between his arrest and the date of trial. He was therefore compelled to rely primarily on his family to obtain private counsel. Also, although this case was continued numerous times, it is uncontroverted that none of the previous continuances was requested by defendant. The fact that defendant was incarcerated and charged with a nonviolent crime militates against the notion that his single request for a continuance was made for purposes of delay. In addition, defendant advised the court that the attorney retained to represent him had already been paid for his services.

The public defender provided the court with the name of the attorney that defendant's family claimed to have retained. The court was advised that the attorney's absence was not due to any lack of diligence by defendant, but rather because the attorney was provided an incorrect trial date. There is nothing in the record to indicate that defendant was requesting a lengthy continuance. The trial court conducted no inquiry into the truth or falsity of the assertions by defendant or the public defender; nor did the court inquire how long a continuance would be necessary to secure retained counsel's appearance for trial. Irrespective of the public defender's statement that a defendant has a right to counsel of his choice and that defendant did not wish to be represented by him, the court summarily denied the motion on the ground that a defendant is not entitled to a continuance after he makes a demand for trial. The record discloses that in response to defendant's inquiry to whether, since the State had requested and obtained several continuances, he too was entitled to a continuance, the trial court stated,

> "No, not after you demand. Once you demand, the state shows up with its witnesses, the state has got to go."

■ The State has not provided and we have found no authority to support this postulation. Indeed, the court in *People v. Sullivan* (1977), 52 Ill. App. 3d 666, 669, noted that "the importance of enabling the defendant to exercise his right to be represented by counsel of his own choosing is generally deemed to outweigh the incon-

venience to the prosecution, witnesses, court and jury *** unless it is shown that defendant's actions were taken for the purpose of delay."

We find nothing in the record to support even an inference that defendant was dilatory during the five-month pendency of this case or that his single request for the continuance of his case, tried in one afternoon, was calculated merely to delay the proceedings or "indefinitely thwart the administration of justice." The interests of the State and the judiciary in the efficient and expeditious disposition of cases were clearly outweighed by defendant's right to counsel of his own choosing in this case. We reject the State's contention that defendant was not prejudiced because he received competent representation by the public defender.

We hold that the trial court abused its discretion in denying defendant's motion for a continuance. We reverse defendant's conviction and remand this case for further proceedings consistent with the views expressed herein.

Reversed and remanded.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:

The discretion vested in the trial court to grant or deny a continuance has been reduced to a mere incantation. The majority appears to set forth a *per se* rule that the trial court must grant a continuance if the defendant presents the court with the name of an attorney, states that he has been retained, and explains the attorney's absence as the result of a mistake on the part of the defendant. This is so even where the defendant has demanded trial and the witnesses are in court ready to testify.

Section 114—4(d) of the Code of Criminal Procedure of 1963 provides that continuances may be granted where the interests of justice require; section 114—4(e) provides that continuances are addressed to the discretion of the trial court and are to be considered in the light of the diligence shown on the part of the movant; and section 114—4(h) states that the section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the State to a speedy, fair and impartial trial. (Ill. Rev. Stat. 1989, ch. 38, pars. 114—4(d), (e), (h).) After considering these sections, the supreme court in *People v. Friedman* (1980), 79 Ill. 2d 341, 403 N.E.2d 229, stated that the fo-

cus is on whether the court abused its discretion and that the court's determination in that regard turns on the facts of the particular case.

The *Friedman* case seemingly presented a stronger argument for a continuance than the present case. On the morning of trial, the defendant asked for a continuance because he had lost faith in his trial attorney. The trial court denied the request. The appellate court reversed and the supreme court reversed the appellate court, thereby upholding the trial court. The court concluded that the defendant in a criminal case has a constitutional right to be represented by the counsel of his choosing. However, that right could not be employed as a weapon to indefinitely thwart the administration of justice or otherwise embarrass the effective prosecution of crime. The court stated that the trial court had a right to conclude that the request was made solely for the purpose of delay.

As noted initially by the *Friedman* court, these cases are determined by their particular facts. The ultimate issue is whether the trial court abused the discretion reposed in it in deciding that the interest of justice did not require a continuance. In the cause before us, I do not believe an abuse of discretion occurred. The defendant had an attorney for some months prior to the trial date and in fact demanded trial with that attorney during that period of time. The trial court was faced with the fact that the matter had been scheduled for trial for quite some time, the witnesses were present, and the defendant had on prior occasions demanded trial. On the date set for trial, without any previous warning, the defendant sought a continuance. Considering that criminal cases are to be tried with due diligence consistent with the rights of both the defendant and the State to a speedy, fair and impartial trial and considering the lack of diligence of the defendant, I believe that the trial court had a right to conclude that the interest of justice did not require a continuance.

I would affirm the judgment of the trial court.