**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190389-U

Order filed September 9, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0389 Circuit No. 11-CF-837 |
| REGINALD GUICE, | ) ) ) | Honorable Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Daugherity and Lytton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in denying the defendant's request for a continuance to attempt to retain private counsel to assist him in the proceedings on his *pro se* postconviction petition.

¶ 2    The defendant, Reginald Guice, appeals the dismissal of his postconviction petition at the second stage of postconviction proceedings. Specifically, the defendant argues that the Peoria County circuit court erred in denying his request for a continuance to attempt to retain private counsel.

¶ 3                                    I. BACKGROUND

¶ 4          A jury found the defendant guilty of unlawful possession with intent to deliver a

controlled substance (720 ILCS 570/401(a)(1)(B) (West 2010)) and criminal drug conspiracy (*id.*

§ 405.1). The circuit court sentenced the defendant to natural life imprisonment as a habitual

offender for the offense of unlawful possession with intent to deliver a controlled substance. On

appeal, we affirmed the judgment of the circuit court. *People v. Guice*, 2017 IL App (3d)

130630-U, ¶ 101.

¶ 5          On January 19, 2018, the defendant filed a postconviction petition as a self-represented

litigant. The defendant's petition did not include a request for appointed counsel. The circuit

court failed to make a first-stage determination within 90 days. On October 30, 2018, the court

entered a written order advancing the petition to the second stage of postconviction proceedings.

The order noted that the defendant was representing himself and gave the State until December

31, 2018, to file a responsive pleading to the petition.

¶ 6          On December 31, 2018, the State filed a motion to dismiss. On March 15, 2019, the court

entered a written order stating:

                "Defendant is *pro se* and [the] People have filed [a] Motion to Dismiss which has

                been mailed to Def[endant] at his *** institution. Def[endant] may file a written

                response to the Motion by June 1. A [hearing] on the motion will be held online

                on 6-12-19 @2pm. Any future settings that may be needed can be set after the

                motion is heard."

¶ 7          On May 28, 2019, the defendant filed a response to the motion to dismiss as a self-

represented litigant.

¶ 8        On June 12, 2019, the parties appeared for the hearing on the motion to dismiss. The defendant requested a 30-day continuance to retain an attorney. The defendant explained that his friends had spoken to an attorney, Maureen Williams, about representing him. Williams was attempting to set up a call with the defendant to arrange payment. She had refused to talk to the defendant's friends about what the defendant wanted her to do because she wanted to talk to the defendant directly. The defendant said that he had filed a response to the motion to dismiss as a self-represented litigant because he had not obtained an attorney yet and the deadline for filing a response was approaching. He stated that he had intended to request a continuance at the hearing.

¶ 9        The court said that the case was from 2011, the State had filed a motion to dismiss, the defendant had filed a response, and the parties were now ready for a second-stage hearing. The court asked the defendant if he thought it was logical for the court to grant him a continuance under those circumstances. The defendant noted that although the case was from 2011, the postconviction petition had only been pending since 2018. The court denied the defendant's motion for a continuance on the basis that it was untimely. The court noted that Williams "apparently [was] not even aware of what the substance of the petition [was] about."

¶ 10        After hearing arguments, the court granted the State's motion to dismiss the petition.

¶ 11                                II. ANALYSIS

¶ 12        The defendant argues that the circuit court improperly denied his request for a continuance to retain an attorney. The defendant requests that we reverse the dismissal of his postconviction petition and remand the matter for further proceedings.

¶ 13        Initially, the parties disagree as to the standard of review. Citing *People v. Gawlak*, 2019 IL 123182, ¶ 25, the defendant argues that he is asserting a claim that he was denied his due process right to be represented by privately retained counsel, which is a legal question subject to

3

*de novo* review. Despite this, the defendant argues in other parts of his brief that the court's denial of his request for a continuance was an abuse of discretion. The State argues that the abuse of discretion standard is the proper standard of review. We agree with the State, as the decision to grant a continuance is generally recognized to be a matter within the court's discretion. See *People v. Washington*, 195 Ill. App. 3d 520, 525 (1990) ("The trial court has discretion in its decision on a continuance motion, and a reviewing court will not reverse a trial court's decision unless it is clear that there has been an abuse of discretion."). However, we find that no error occurred under either standard.

¶ 14    "[T]here is no constitutional right to assistance of counsel during postconviction proceedings." *People v. Cotto*, 2016 IL 119006, ¶ 29. However, a postconviction petitioner has a statutory right to a reasonable level of assistance from counsel, whether privately retained or appointed. *Id.* ¶ 42.

¶ 15    Illinois and federal courts have also recognized that civil litigants have a due process right to obtain privately retained counsel of their choice. *Gawlak*, 2019 IL 123182, ¶ 31; *Powell v. Alabama*, 287 U.S. 45, 69 (1932); *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980) ("Historically and in practice, the right to a hearing has always included the right to the aid of counsel when desired and provided by the party asserting the right."); *Guajardo-Palma v. Martinson*, 622 F.3d 801, 803 (7th Cir. 2010) ("[I]f [a] prisoner *hires* a lawyer—or a lawyer is willing to work for the prisoner for free—the judge may not refuse to accept filings from the lawyer." (Emphasis in original.)). However, the due process right to retain counsel of one's choice is not absolute. *Gawlak*, 2019 IL 123182, ¶ 31. A trial court has the discretion to "limit or otherwise constrain the due process right to choice of counsel as long as the court does not act arbitrarily." *Id.* ¶ 33.

4

¶ 16        In the instant case, the circuit court's denial of the defendant's request for a continuance was not tantamount to a denial of his due process right to retain the private counsel of his choice. The court's ruling did not deny the defendant the assistance of an attorney that he had hired to represent him. The defendant had not hired an attorney at all. While the defendant stated that his friends had spoken with Williams, he had neither made payment arrangements with her nor discussed with her the work he wanted her to do. It was unclear whether the defendant would ultimately be able to retain Williams or any other attorney. The defendant had already filed a response to the State's motion to dismiss as a self-represented litigant. He had not requested either court-appointed counsel or time to retain a private attorney prior to the hearing on the motion to dismiss. Although the hearing on the motion to dismiss was the first time the defendant appeared before the court in connection with his postconviction petition, he could have filed a written request for time to retain an attorney. Under these circumstances, the court did not act arbitrarily in denying the defendant's request for a continuance so that he could attempt to hire Williams.

¶ 17        Although the defendant contends that his argument is a due process claim that is subject to *de novo* review, he cites in support of his argument several cases in which circuit courts were found to have abused their discretion in denying continuances to newly-hired attorneys to give them time to prepare (*People v. Brisco*, 2012 IL App (1st) 101612, ¶ 39; *People v. Childress*, 276 Ill. App. 3d 402, 410 (1995)) and to a defendant whose newly-hired attorney was not in court (*People v. Little*, 207 Ill. App. 3d 720, 727-28 (1990)). These cases all occurred at the trial level rather than in postconviction proceedings and involved the sixth amendment right to counsel rather than the due process right to obtain privately-retained counsel. See *Brisco*, 2012 IL App (1st) 101612, ¶ 41; *Childress*, 276 Ill. App. 3d at 410; and *Little*, 207 Ill. App. 3d at 723.

5

¶ 18        Even assuming these cases are applicable, the instant case is readily distinguishable because it did not involve a request for a continuance by or for a newly-hired attorney. The defendant had not yet retained an attorney at the time of his request for a continuance, and it was unclear whether he would ultimately succeed in doing so. The circuit court did not abuse its discretion in failing to grant him a continuance where no attorney stood ready, willing, and able to enter an appearance on the defendant's behalf. See *Brisco*, 2012 IL App (1st) 101612, ¶ 41 (quoting *People v. Burrell*, 228 Ill. App. 3d 133, 142 (1992) ("The trial court does not abuse its discretion in denying a motion if chosen counsel is not specifically identified or does not stand 'ready, willing and able' to enter an appearance."); *Childress*, 276 Ill. App. 3d at 411 ("A court does not abuse its discretion where new counsel is unidentified or does not stand ready, willing, and able to make an unconditional entry of appearance on defendant's behalf.").

¶ 19                                      III. CONCLUSION

¶ 20        The judgment of the circuit court of Peoria County is affirmed.

¶ 21        Affirmed.