(No. 36542.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE SOLOMON, Plaintiff in Error.

*Opinion filed May 25, 1962.*

Joseph R. Perozzi, of Chicago Heights, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and Matthew J. Moran, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

A jury in the criminal court of Cook County found defendant, Eugene Solomon, guilty under an indictment charging both robbery and armed robbery, and he was thereafter sentenced to the penitentiary for a term of 5 to 12 years. He has sued out this writ of error for review.

As his first ground for reversal defendant asserts he was denied his constitutional right to a fair trial due first to the refusal of the trial court to grant a motion for continuance and, second, because his appointed counsel was incompetent. Facts relevant to these claims show that defendant was arrested on December 20, 1960, and was arraigned on December 29, at which time, without objection by defendant, the public defender was appointed as his counsel. On the

same date defendant entered a plea of not guilty, demanded a jury trial, and trial was set for January 11, 1961. The public defender contacted defendant in jail on December 30 but he refused to give any information, refused to sign an affidavit that he was financially unable to procure counsel and requested the defender to contact the religious sect of which defendant claimed to be a member to see if they would send counsel for him. On January 4, 1961, an official of the sect advised that if defendant was found to be a member in good standing, and if legal counsel was available, the public defender's office would be contacted. Such a call, however, was never made.

On January 9, 1961, an assistant public defender again met with defendant at the jail, informed him of the status of the request for other counsel, and advised him that his trial would commence on January 11 and that he should co-operate so a defense could be planned. Defendant still refused to co-operate in any way. The following day, January 10, the public defender presented a motion alleging facts substantially as heretofore related and requested a continuance so that defendant could have ample opportunity to obtain counsel of his choice. After pointing out that the cause had been set for trial approximately two weeks before, the court denied the motion and advised defendant to co-operate with counsel. The trial was held January 12, 1961, and, in its course, defendant did not testify in his own behalf, nor was any evidence introduced or admitted in his behalf..

The granting of a continuance to permit preparation for a case, or for the substitution of counsel, necessarily depends upon the particular facts and circumstances surrounding the request, and is a matter resting within the sound judicial discretion of the trial court. (*People* v. *Surgeon,* 15 Ill.2d 236; *People* v. *Clark,* 9 Ill.2d 46.) Before a judgment of conviction will be reversed because of the denial of such a motion, it must appear that the refusal of additional time in some manner embarrassed the accused in preparing his

defense and prejudiced his rights. (*People* v. *VanNorman,* 364 Ill. 28; see also: *Holt* v. *United States,* (8th cir.) 267 F.2d 497; *United States ex rel. Thompson* v. *Nierstheimer,* (7th cir.) 166 F.2d 87; *Crono* v. *United States,* (9th cir.) 59 F.2d 339.) In the instant case the public defender was appointed as defendant's counsel approximately two weeks before trial in ample time to prepare a defense, if one in fact existed. Since defendant utterly refused to co-operate with his counsel, he cannot now be heard to complain that the denial of the motion for continuance embarrassed his defense or prejudiced his rights. We would add, too, that the same conduct of defendant serves greatly to estop the contentions that counsel was incompetent because he made no preparation for trial and because he did not call defendant as a witness. The record discloses that the appointed counsel did his utmost to fulfill his duty to defend, but was effectively frustrated in his efforts by defendant's lack of co-operation. It would be a strange anomaly indeed if an accused could refuse to aid or co-operate with counsel then, on review, advance counsel's lack of preparation as a ground of incompetency. Further, on the question of the trial strategy, defendant's vulnerability to impeachment shown by a long line of convictions revealed to the court before sentence was imposed, greatly suggests that the best trial tactics might have been to keep defendant from the witness stand. Cf. *People* v. *Stokes,* 18 Ill.2d 371, 375.

Nor, under the circumstances reflected in this record, can it be said the trial court was guilty of an abuse of discretion because it failed to grant a continuance in the face of defendant's efforts to obtain other counsel. While an accused in a criminal case does indeed have the constitutional right to be represented by counsel of his own choosing, it is likewise true that such right may not be employed as a weapon to indefinitely thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime. (*People* v. *Musinski,* 22 Ill.2d 518; *People* v.

*Ephraim,* 411 Ill. 118; *United States* v. *Mitchell,* 137 F.2d 1006.) The public defender was appointed as counsel without objection by defendant, and it is now well established that it is not error for a court, on its own motion, to appoint an attorney for one charged with a crime unless it is done over his objection and some exception is taken to the court's action at the time. (*People* v. *Montville,* 393 Ill. 590; *People* v. *McKay,* 403 Ill. 417.) Moreover, when the motion for continuance was denied, defendant's appeal to his religious group for aid had gone unheeded despite the passage of a reasonable length of time. It should be observed also that help was promised "if" defendant proved to be a member of the religious sect and "if" there was a counsel available. Again considering that a reasonable time to make these determinations had been given, we cannot say that delay in the administration of justice should be permitted to rest on so speculative a basis. Accordingly, we find that the court did not abuse its discretion in denying the motion.

Defendant next contends that his identity and guilt were not proved beyond a reasonable doubt. We see no purpose in unduly extending this opinion by a recital of all the evidence, other than to say that a taxicab driver, who had ample and favorable opportunity to observe his assailant, positively identified defendant as a passenger who had robbed him at gun point during the early morning hours of December 1, 1960. The driver, who remained unshaken in his identification despite a long and arduous cross-examination, had spied defendant on the street thirteen days later and had trailed him until he encountered a police officer who made the arrest. We have held that the testimony of one witness alone, if it is positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. (*People* v. *Cox,* 22 Ill.2d 534; *People* v. *Pride,* 16 Ill.2d 82; *People* v. *Renallo,* 410 Ill. 372.) The jurors, whose function it was to determine the credibility of the witness, have accepted his testimony as true and we

find no basis for disturbing their finding, or for substituting our judgment for theirs. Cf. *People* v. *Lamphear*, 6 Ill.2d 346.

Relying upon *People* v. *Kriner*, 362 Ill. 292, contention is next made that the arresting officer's testimony that the complaining witness had identified defendant at the time of arrest was incompetent because defendant had denied his guilt in the same conversation. One difficulty confronting the defendant here is that no objection was made to this evidence at the trial, nor was there a request that the jury be instructed to disregard it, and he is thus in no position to question the competency of the evidence for the first time on review. (*People* v. *Lucania*, 360 Ill. 150; *People* v. *Trefonas*, 9 Ill.2d 92. ) Moreover, if error does exist, it is harmless inasmuch as the complaining witness had already testified positively as to the identification of defendant. *People* v. *Cox*, 22 Ill.2d 534.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*