**People of the State of Illinois, Appellee, v. J. B. Boston, Appellant.**

**Gen. No. 51,337.**

First District, Fourth Division.

November 16, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, James Veldman and Richard Rinella, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

CRIME CHARGED
Robbery.

JUDGMENT

After a bench trial, the court found defendant guilty· and sentenced him to a term of two to five years. He had previously served a term of one to five years for a similar offense.

POINT RAISED ON APPEAL

Defendant was improperly denied the right to hire counsel of his own choosing.

(Defendant introduced no evidence at the trial and does not contend here that the evidence was insufficient to establish his guilt. He could hardly do so since, after taking a woman's purse from her by force in an elevator at Marina Towers late at night, he was apprehended within a few minutes, still on the premises and with the money from the purse ($487) in his hand.)

THE RECORD

At arraignment on March 8, 1966, the Public Defender was appointed to represent defendant when, in answer to the court's question, he said he did not have a lawyer. Defendant made a request for reduction in bond, but, in view of defendant's prior record, the judge said he could not grant it but would give defendant an early trial. The case was therefore set for trial on March 29.

When the case was called on that date before Judge Napoli, the State answered "ready" but defendant himself (though his attorney was present) said that he was not ready. His reason, as then stated, was:

> "Your Honor, look it here, I have some sickness in my family. My grandfather passed and my auntie came out to visit me the day before yesterday and she was going to get me out on bond to go to the

funeral, *and that is why I was wanting a continuance."* (Emphasis supplied.)

When the court ascertained that the funeral was not to be held until the following Sunday, defendant was told that arrangements would be made for his attendance at the funeral, but that the trial would proceed. The case was then assigned to Judge Egan for immediate trial.

When both the State's Attorney and the Public Defender announced themselves ready for trial, defendant advised the court for the first time that he was going to get a lawyer; that he did not want to be represented by the lawyer assigned to him; that his auntie, who was not present, was going to get a lawyer for him. The judge told defendant that the Assistant Public Defender representing him was "a very fine lawyer." After considerable discussion on this point between court and defendant, the latter again sought a continuance on account of the funeral of his grandfather. The court then directed that the trial commence. Defendant waived a jury, and at the conclusion of the evidence he was found guilty.

OPINION

 First it is contended that it was error for the court at the time of arraignment to have appointed the Public Defender to represent defendant because there was no showing that he was indigent, only that he had no lawyer.* This is a perfect example of the type of weightless argument which appointed counsel find themselves forced to present when every indigent defendant is furnished with a free record and a free lawyer for the purpose of appealing his conviction. While the mere state-

---

* It is of interest to note that defendant made no objection to the appointment of the Public Defender and after the trial, on a representation of indigence, a transcript was ordered for defendant without charge, and the Public Defender was appointed to handle his appeal.

ment of the point could be considered as demonstrating its insufficiency as a ground for reversal, it has nevertheless been made the subject of rather complete comment in a number of cases. See People v. Montville, 393 Ill 590, 591, 66 NE2d 861; People v. Mitchell, 33 Ill2d 603, 604, 213 NE2d 514; and People v. Solomon, 24 Ill2d 586, 182 NE2d 736.

Secondly, defendant relies on People v. Ritchie, 66 Ill App2d 417, 213 NE2d 306, in arguing that the court abused its discretion in not granting defendant a continuance to permit him to employ private counsel. We think that this point, too, is without merit and that reliance on Ritchie under these circumstances is misplaced. In that case there was a specifically named attorney who had requested the Public Defender to obtain a continuance as he expected to file his appearance and represent defendant at trial. The Public Defender then requested the continuance and moved to vacate his own appointment, advising the court that he thought he should not try the case under the circumstances. None of these facts was present here. There appears no substantial reason to believe that any arrangements for private counsel had been or would have been made through defendant's auntie. The possibility was not mentioned at arraignment nor before Judge Napoli when the case was called for trial. Defendant was then relying upon an upcoming funeral as a ground for continuance. Nor was there any showing that in the representation of defendant by the Public Defender (who was prepared and ready for trial, and did a competent job of cross-examining the State witnesses) anything took place which "embarrassed" or "prejudiced" defendant's rights. People v. Solomon, 24 Ill2d 586, 182 NE2d 736. See also People v. Jones, 51 Ill App2d 391, 394, 201 NE2d 194 as to the untimeliness of defendant's objection to the Public Defender as his counsel.

DECISION

The judgment and sentence of the Circuit Court are affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.