THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT KOSS, Defendant-Appellant.

Fourth District    No. 14188

Opinion filed September 26, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert C. Perry and Jane F. Bularzik, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

A jury in the circuit court of Livingston County found defendant guilty of the offense of forgery (Ill. Rev. Stat. 1975, ch. 38, par. 17—3(a)(2)) and he was thereafter sentenced by the court to a term of 3 1/3 to 10 years' imprisonment.

In this appeal, defendant raises no question of guilt but claims (1) the court abused its discretion in denying him a continuance in order to employ a private attorney, and (2) the mittimus must be corrected. The People have conceded the latter point.

On September 3, 1976, defendant appeared in circuit court, after waiving extradition from Kansas; bond was fixed and the public defender was appointed at the request of defendant. Preliminary hearing was set

for October 1, 1976. On that date, defendant appeared with an assistant public defender, waived preliminary hearing, was arraigned and entered a plea of not guilty. Jury trial was allotted for November 1, 1976.

On November 3, 1976, the cause was called for trial. Defendant appeared with the public defender and moved for a continuance in order to obtain private counsel. In explanation defendant said to the court, "I have to get hold of my mom, get in touch with my mom to get money down for a retainer and I just wrote her today. By this weekend, maybe the first of next weekend or the middle of the week I can have money here to hire Mr. Fitzpatrick."

The People objected to the continuance, indicating that they were ready for trial and that witnesses from out of the county were on their way. With patient forbearance, the court engaged in extended colloquy with the defendant on the subject and finally denied the motion as untimely. The trial then proceeded to a verdict of guilty.

■■ At the outset, it should be noted that defendant did not file a post-trial motion and therefore, no question, even one of constitutional dimension, is properly before this court except whether the conviction is based upon evidence proving defendant guilty beyond a reasonable doubt or plain error exists in the record. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) The record does demonstrate such proof overwhelmingly and no plain error appears.

However, assuming for the moment that the defendant has not waived the point concerning counsel, the facts of the case still militate against defendant.

■■ Undoubtedly, counsel of one's choice is a fundamental constitutional right, but like all constitutional rights, it is not without limits. In *People v. Solomon* (1962), 24 Ill. 2d 586, 590, 182 N.E.2d 736, 739, *cert. denied* (1962), 371 U.S. 853, 9 L. Ed. 2d 87, 83 S. Ct. 94, the supreme court said, "While an accused in a criminal case does indeed have the constitutional right to be represented by counsel of his own choosing, it is likewise true that such right may not be employed as a weapon to indefinitely thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime." If the right to counsel were unlimited, all a defendant need do "to indefinitely thwart the administration of justice" would be to discharge each successive attorney on the morning of trial until he had run the gamut of the Illinois bar. The limitation on the right is the discretion of the trial judge.

■■ It is extremely difficult, if not impossible, to lay down any general rule based upon a matter as variable as discretion. However, an analysis of recent cases leads to the conclusion that if new counsel, specifically identified, stands ready, willing and able to make an unconditional entry

of appearance instanter, a motion for continuance should be allowed. If any one of these requirements be lacking, the decisions indicate that a denial of the motion is not an abuse of discretion.

Cases approving of denial of the motion are *Solomon* (new counsel unnamed and uncertain), *People v. Hart* (1973), 10 Ill. App. 3d 857, 295 N.E.2d 63 (new counsel would enter appearance only on condition of continuance for 30 days), *People v. Boston* (1967), 89 Ill. App. 2d 49, 232 N.E.2d 224 (new counsel unnamed and uncertain).

Cases reversed for failure to allow the motion are *People v. Ritchie* (1966), 66 Ill. App. 2d 417, 213 N.E.2d 306 (new counsel specifically named and assured, public defender moved to withdraw), *People v. Willis* (1972), 6 Ill. App. 3d 980, 286 N.E.2d 72 (new counsel specifically named and ready to enter appearance but physically unable to get to court within short time limits set by court).

The instant case falls clearly within the first category. Defendant had been in custody for 60 days and had known of his trial date for 30 days. Yet on the day of trial defendant contrives an otherwise unidentified "Mr. Fitzpatrick" and further indicates that he does not even have the money for a retainer, should the phantom Mr. Fitzpatrick miraculously materialize in the courtroom. Defendant's case is poles apart from *Ritchie* and *Willis* and his reliance on them is misplaced.

■■ The court committed no error and did not abuse its discretion in denying the motion.

The People have admitted that the mittimus is in error. The record shows that the court said, "Accordingly in Case No. 76-CF-117 I am going to sentence you to a term of not less than 3 1/3 years nor more than 10 years in the State of Illinois Department of Corrections, for which a Mittimus is ordered." The mittimus contained in the common law record reads "[T]he court hereby sentences said defendant to imprisonment in the ILLINOIS STATE DEPARTMENT OF CORRECTIONS and fixes the term of imprisonment at not less than 3½ years nor more than 10 years." (Emphasis added.)

■■ The mittimus is obviously in violation of section 5—8—1(c)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(4)), but equally obviously is either a misunderstanding of the court's sentence or a typographical error.

The conviction is affirmed and the cause is remanded for the issuance of a corrected mittimus.

Affirmed and remanded with directions.

MILLS, P. J., and TRAPP, J., concur.