THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STACY WHEELER, Defendant-Appellant.

Fourth District   No. 4—88—0556

Opinion filed July 27, 1989.

Daniel D. Yuhas and Gloria A. Carroll, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On March 18, 1988, a two-count indictment was filed in the circuit court of Macon County charging defendant Stacy Wheeler with the misdemeanor offenses of criminal damage to property of a value not to exceed $300 (Ill. Rev. Stat. 1987, ch. 38, par. 21—1(a)) and disorderly conduct (Ill. Rev. Stat. 1987, ch. 38, par. 26—1(a)). After a jury trial *in absentia,* the court (1) directed a verdict finding defendant not guilty of the criminal damage to property charge, but (2) entered a judgment on a verdict finding him guilty of disorderly conduct. All occurred on June 28, 1988. On July 15, 1988, the court sentenced defendant to 28 days' imprisonment.

On appeal defendant asserts the court erred (1) in trying him *in absentia;* (2) in overruling defense objection to direct examination of a prosecuting witness concerning a prior consistent statement; (3) in permitting prosecution argument concerning that statement; (4) in denying defendant's attempt to cross-examine that witness in regard to charges pending against him; and (5) in refusing to instruct the jury not to consider defendant's absence in reaching its verdict. As we later explain, we conclude we must reverse and remand for a new trial.

The evidence at trial showed that, on February 9, 1988, at approximately 7:30 p.m., a brick was thrown through a window in the Rex home in Decatur. The only substantial testimony connecting defendant to the throwing of the brick was that of Mark A. Rex, 17-

year-old son of the principal occupant of the house. Mark testified to hearing the crash and, a few seconds later, looking out a window and seeing a black person he identified as Stacy Wheeler running down a nearby alley and entering an automobile containing three other black people. Mark stated defendant had been a former schoolmate of his. Paula Rex, Mark's mother, corroborated Mark's testimony to the extent she stated she looked out a window shortly after the crash of the brick and saw a black man she could not identify running down the alley.

■ We deem discussion of the propriety of the holding of the trial *in absentia* to be appropriate at the outset of our discussion of the case. Section 115—4.1(a) of the Code of Criminal Procedure of 1963 expressly permits, under certain conditions, the trial *in absentia* of persons charged with a "non-capital felony." (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).) In *People v. Johnston* (1987), 160 Ill. App. 3d 536, 513 N.E.2d 528, this court held those charged with a misdemeanor may also be tried while absent under somewhat similar circumstances. (See *People v. Carroll* (1982), 109 Ill. App. 3d 1041, 441 N.E.2d 888.) Pertinent here is the statutory requirement that the trial may proceed only "after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial." (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).) The parties agree that provision is applicable here but dispute whether that proof was made.

When the instant case was called for trial, defense counsel objected to proceeding in the absence of his client. Defense counsel stated:

"[Defendant] called me this morning indicating to me that he was stranded in Springfield; that his ride to Decatur had not panned out, and by that I mean the person he expected to be able to bring him to Decatur this morning was not able to do so, and that he would—that he wanted to have his matter continued to another day, possibly tomorrow."

The court noted recitations on defendant's bond indicated he lived in Decatur, and no reason had been shown why the defendant was in Springfield on the day before trial.

■ Starting with *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152, and *People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708, through *Johnston*, this court has held that, where a defendant has been properly advised of his requirement to appear, he will be presumed to be wilful in his failure to appear unless some evidence is presented of a lack of wilfulness. The question arises here as to whether the statement by defense counsel of a call from defendant

stating he was unable to secure the ride he anticipated is some evidence of lack of wilfulness. Defendant maintains it is. The State agrees with the apparent reasoning of the trial court that the conduct of the defendant in being out of town the night before the trial and being dependent upon the uncertainties of a ride from another to be on time for trial is more of an indication of wilfulness rather than evidence of a lack of wilfulness.

We recognize the difficulties and delay the trial court would encounter in seeking further information about defendant's situation before ruling on the request for a continuance. We also appreciate the suspicious nature of the excuse offered on behalf of the defendant and would agree that his conduct was at least negligent. However, in view of the rights of the defendant involved and the limits placed upon the power of courts to try an accused in his absence, we believe the circuit court here would have been well-advised to seek further information about defendant's situation before proceeding to trial. As we determine that other factors require us to reverse and remand for a new trial, however, we need not decide whether proceeding to trial here was, in itself, error.

Prior to trial, the defense informed the State defendant would offer evidence of prior felony convictions of Mark A. Rex to impeach his testimony. During the State's direct examination of Mark in the State's case in chief, the State was permitted to introduce testimony from Mark that, shortly after the brick was thrown through the window, he gave police a statement describing (1) the individual he saw when he looked out the window after hearing the window break; and (2) the vehicle that individual entered. A defense objection on grounds of materiality was overruled. In closing argument the prosecutor, without objection, stated:

> "Now, defense has hammered at Mark's prior conviction, his prior conviction for felony forgery that he walked in and pled guilty to. *** He had a very accurate description of the person who threw this brick. He gave you that description as he testified immediately thereafter to the police. He also identified the vehicle that the defendant entered at the end of the alleyway to the police at that date, and he remembers it to this date. *** [H]e knows what he saw, and I think his observations are very accurate, and I'd ask you to bring back a verdict of guilty on that."

■ Evidence of a prior statement of a witness consistent with that witness' testimony at trial is admissible to bolster the testimony of that witness only if charges have been made that the testimony of

the witness is of recent fabrication or that the witness has a motive to commit perjury, *and* the prior consistent statement was made before (1) the time of the fabrication; or (2) the existence of the motive to lie. (*People v. Powell* (1973), 53 Ill. 2d 465, 292 N.E.2d 409.) Otherwise, the testimony is inadmissible. (*People v. Emerson* (1983), 97 Ill. 2d 487, 455 N.E.2d 41; *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.) Here, no evidence was presented indicating Mark's trial testimony was recently fabricated or that he had any greater motive to lie after the statement than before.

■ The State asserts the testimony of Mark's prior statement was harmless because he did not testify as to what he told the police and, thus, did not establish any consistency between his statement and his testimony. This theory is inconsistent with the State's closing argument in which the prosecutor told the jury that Mark had given the same description of the defendant and the vehicle the defendant entered to the police as he gave at trial. We must conclude the testimony concerning his statement constituted an improper bolstering of Mark's testimony, and the reference to the statement in the State's closing argument was improper.

■ The position of the defense in regard to Mark's prior statement to the police is weakened because (1) the proper objection to the testimony was one of hearsay or improper bolstering of the witness rather than materiality; (2) no objection was made to the reference to that statement in the State's closing argument; and (3) the defendant's post-trial motion did not cite either as error. Ordinarily, error in the admission of evidence is waived if the objection to the evidence is not properly designated by the objector (*People v. Stewart* (1984), 104 Ill. 2d 463, 473 N.E.2d 1227), and error properly raised at trial is waived if not set forth in the post-trial motion of the defendant. (*People v. Woith* (1984), 126 Ill. App. 3d 817, 467 N.E.2d 614.) However, error usually waived can be sufficiently egregious to constitute plain error, which is not waived. *People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091.

In *People v. Smith* (1985), 139 Ill. App. 3d 21, 486 N.E.2d 1347, where a defendant was convicted of murder, improper admission of a prior consistent statement of a crucial prosecution witness was held to be plain error requiring a new trial even though the error had not been properly preserved. In *People v. Emerson* (1983), 97 Ill. 2d 487, 501, 455 N.E.2d 41, 47, where evidence of a prior consistent statement of a prosecution witness was improperly admitted, the supreme court stressed the prejudice of such an error when the guilt of the accused depended so largely upon the testimony of that prosecution wit-

ness. Here, proof of defendant's guilt depended almost entirely on the testimony of Mark A. Rex. The evidence of his prior consistent statement, and the prosecutor's comment upon it, constituted plain error.

■■ Further error occurred because of limitation upon the cross-examination of Mark A. Rex by the defense. The court sustained an objection by the State to defense questioning of Mark concerning the fact a charge of burglary in the same court was pending against him at the time of trial. The court permitted questioning concerning the fact that Mark was subject to a pending charge but would not permit examination as to the nature of the charge. Bias or motive to testify falsely is always a relevant issue with which to discredit a witness. (Davis v. Alaska (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105.) Obviously, a defendant charged with burglary would have a greater motive to ingratiate himself upon the State by giving favorable testimony than would be the case of one charged with a lesser offense.

■■ We recognize the discretion which the court possesses in limiting cross-examination for purposes of impeachment. In People v. Panus (1979), 76 Ill. 2d 263, 391 N.E.2d 376, involving testimony of a prosecution witness which was not absolutely necessary for conviction, the supreme court held no error occurred when the trial court prohibited the defense from questioning the witness as to the number of charges he had pending against him. The defense had secured information the witness had a charge pending, and the witness had testified he had been promised no leniency. Here, the testimony of Mark was absolutely essential, and the trial court refused inquiry as to the nature of a single charge. While any error in limiting cross-examination was not, of itself, reversible in nature, we hold the limitation on cross-examination was error.

■■ We reject defendant's final contention summarily. Defense counsel requested the court to instruct the jury that defendant's absence not be considered by the jury in reaching its verdict. It refused the instruction. Defendant seeks to draw analogy to the requirement that the jury be instructed, if requested by the defendant, that the defendant's failure to testify should not be held against him. (Carter v. Kentucky (1981), 450 U.S. 288, 67 L. Ed. 2d 241, 101 S. Ct. 1112; People v. Ramirez (1983), 98 Ill. 2d 439, 457 N.E.2d 31.) Actually, prosecutorial comment upon the absence of the defendant as evidence of his consciousness of guilt has been upheld. (People v. Garza (1989), 180 Ill. App. 3d 820, 536 N.E.2d 253.) The defendant has a constitutional right not to testify. An accused has no right to be absent. The attempted analogy fails.

■ We interpret section 115—4.1 of the Code of Criminal Procedure of 1963, which provides for trials *in absentia*, to indicate some extra concern for the protection of an accused tried under those circumstances. Accordingly, we give some consideration to the fact the trial was held *in absentia* in determining whether the error which occurred requires a new trial. We conclude that both the plain error in admission of the prior consistent statement and comment thereon plus the slight error in the limitation of the cross-examination of Mark A. Rex require a new trial. As we have indicated, we attach considerable significance to the fact that proof of defendant's guilt depended almost entirely upon Mark's testimony.

The conviction and sentence of defendant are reversed and the cause is remanded to the circuit court of Macon County for a new trial.

Reversed and remanded.

McCULLOUGH, P.J., and LUND, J., concur.