THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE L. YOUNG, Defendant-Appellant.

Fourth District    No. 4—90—0219

Opinion filed December 31, 1990.

Theodore A. Gottfried and Patrick J. Hughes, Jr., both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Joe L. Young, was convicted of armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2), attempt (armed robbery) (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(a), 18—2), and aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4), and was sentenced to 11 years, 10 years, and 5 years in prison, respectively. On appeal, defendant claims, *inter alia*, that the trial court abused its discretion when it precluded him from replacing his court-appointed counsel with a private attorney of his own choice. We agree and, accordingly, reverse and remand for a new trial.

## I. Facts

Defendant and Gary Bolden were arrested and charged with attempt (armed robbery) and armed violence on July 24, 1989, and the Vermilion County public defender was appointed as counsel for both defendants. On September 8, 1989, both defendants were arraigned and pleaded not guilty, and jury trial was set for October 23, 1989. However, on October 23, Vermilion County public defender Robert McIntire, who represented both defendants, filed a motion for separate trials or, in the alternative, separate counsel for each defendant. The court denied the motion for severance but granted the motion for substitution of counsel. The court appointed attorney Theodore Pasierb to represent Bolden. Pasierb immediately requested a continuance, and that request was granted. The court set October 30, 1989, as the trial date for both defendants.

On the morning of October 30, prior to jury selection, McIntire informed the court that defendant wished to replace him with an attorney of defendant's own choice. McIntire explained that defendant had apparently received bail money (in excess of $1,500) four days earlier and intended to use it to hire his own lawyer. The court summarily denied the motion, stating that "because of the late time and the Jury trial is set this date, the Defendant is incarcerated, the motion for a continuance to seek another counsel is denied."

After a luncheon recess, attorney John McFetridge appeared in open court and stated that defendant had contacted him for the purpose of representation. McFetridge explained his situation as follows:

> "MR. McFETRIDGE: Your Honor, if I might, I have been contacted very recently by Mr. Young who has expressed a desire to retain me. I had spoken to him some time ago. Apparently his ability to do so is of extremely recent genesis. Miss Simpson [the assistant State's Attorney] has advised me that she would be resisting any such appearance for the reason that the matter is set for trial right away. I'm not sure what the Court's position [is] nor, in fact, what that of other Counsel is in this."

Pasierb told the court that he would not object to McFetridge's entry as long as the trial would not be delayed by a continuance. The State objected to McFetridge's entry, claiming it was "more than likely a ruse to move the case from your Honor's court call" because McFetridge was employed by the judge's former law firm, and "would also prevent us from starting the trial this afternoon." In support of McFetridge's entry of appearance for defendant, the public defender, McIntire, argued that defendant had only recently become financially

able to retain private counsel who was now "available and willing" to enter his appearance and that the only previous continuance in the case had been primarily for the benefit of the codefendant. After hearing arguments, the *entire* ruling and explanation of the trial court was as follows:

"THE COURT: Okay, the motion to enter substitution of Counsel is denied as being untimely. We'll proceed to trial on this case. Bring in 30 prospective Jurors. Is there anything else we need before we start?

MR. McINTIRE: The only other matter is I'm not quite sure of the state of the record with respect to Mr. McFetridge's willingness to enter an appearance. I understand that Mr. Mc-Fetridge—

MR. McFETRIDGE: Judge, I'm reluctant to address the Court on any substantive issues in this matter for a lot of good reasons, simple good manners being one and prohibition of my practicing before your Honor. I believe Mr. McIntire has adequately articulated Mr. Young's position in this matter, and I note that everything is being transcribed by a Court Reporter.

THE COURT: Okay. The motion is still denied. I think it's untimely. Mr. Young has had from 7/24[/89, the day of his initial appearance]. I realize that there may have been a question of monetary needs. We continued this case last week to this morning. We continued it this morning after hearing it. There are a hundred Jurors out there. There's a co-Defendant that wishes to have a trial, and based on all those I don't believe it would be appropriate to allow an entry of appearance or substitution of Counsel. Bring 30 people in, and we'll start picking a Jury."

## II. ANALYSIS

■ A defendant in a criminal case has a constitutional right to the assistance of counsel (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8), which "includes the right to be represented by counsel of one's own choice." (*People v. Green* (1969), 42 Ill. 2d 555, 557, 248 N.E.2d 116, 117; see also *People v. Holmes* (1990), 141 Ill. 2d 204, 217 ("This constitutional guaranty [of the right to assistance of counsel] encompasses both the right to effective representation by competent counsel [citation] and the right to select and be represented by one's preferred attorney (*Wheat v. United States* (1988), 486 U.S. 153, 159, 100 L. Ed. 2d 140, 148, 108 S. Ct. 1692, 1697 []).]").) The right to choice of counsel is an absolute right, limited only when abused, such as attempts to thwart, delay, or embarrass the effective

administration of justice (*Green*, 42 Ill. 2d at 557, 248 N.E.2d at 117; *People v. Solomon* (1962), 24 Ill. 2d 586, 590, 182 N.E.2d 736, 739; *People v. Spurlark* (1978), 67 Ill. App. 3d 186, 196, 384 N.E.2d 767, 774 (referring to the right to be represented by a particular counsel as "fundamental")) or when a conflict of interest might arise (*Holmes*, 141 Ill. 2d at 226-27).

■ If a defendant moves to change counsel, it is within the trial court's sound discretion to grant or deny a continuance for the substitution of counsel. (*Solomon*, 24 Ill. 2d at 589-90, 182 N.E.2d at 738.) "At what point a defendant's right to select counsel *unreasonably* interferes with the orderly process of judicial administration, necessarily depends upon the particular facts and circumstances surrounding each case and is a matter which lies within the sound judicial discretion of the trial court." (Emphasis in original.) (*Spurlark*, 67 Ill. App. 3d at 197, 384 N.E.2d at 774; see also *People v. Terry* (1988), 177 Ill. App. 3d 185, 190, 532 N.E.2d 568, 572.) Therefore, we must determine whether the court's action in this case amounts to an abuse of discretion.

■ In *People v. Koss* (1977), 52 Ill. App. 3d 605, 367 N.E.2d 1040, this court concluded "that if new counsel, specifically identified, stands ready, willing[,] and able to make an unconditional entry of appearance instanter, a motion for continuance should be allowed. If any one of these requirements be lacking, the decisions indicate that a denial of the motion is not an abuse of discretion." *Koss*, 52 Ill. App. 3d at 607-08, 367 N.E.2d at 1041.

■ From the record before this court, attorney McFetridge apparently stood *willing* and *able* to make an entry; the only reason we do not know if he was *ready* to do so *unconditionally* is because the court never asked. Thus, McFetridge never discussed how prepared he was for trial, if he would need a continuance, and how lengthy that might have to be. The Illinois Supreme Court in *Green*, speaking through Justice Schaefer, discussed the late entry of appearance of new counsel, as follows:

> "[T]he right of an accused to be represented by counsel of his choice cannot be permitted to bring about an 'indefinite thwarting of the administration of justice.' But no such danger was threatened in this case, and we are of the opinion that the defendant's constitutional right was violated when the court, without any inquiry into the truth of the circumstances described by the defendant, summarily denied his request for a continuance and insisted that he go to trial that day, represented by an assistant public defender who had no opportunity

to investigate the case." (*Green*, 42 Ill. 2d at 557, 248 N.E.2d at 117.)

We note that the public defender in the present case was fully prepared to proceed, as opposed to the circumstances in *Green*, but *Green* still provides guidance as to what inquiries the court should make. Unless the court specifically finds that defendant is utilizing his right to counsel to thwart the administration of justice, defendant's right to counsel of his choice ought to be respected. All that is shown in this case is the potential for an *inconvenience* to the administration of justice; such an inconvenience cannot be deemed an *unreasonable* interference with the orderly process of judicial administration.

The present case differs from others in which a defendant merely expressed a desire to obtain private counsel (*Terry*, 177 Ill. App. 3d at 191, 532 N.E.2d at 572) or "expected" private counsel to make an entry of appearance (*People v. Capers* (1989), 186 Ill. App. 3d 367, 370, 542 N.E.2d 528, 530). This case also differs from those in which the defendant's financial ability to hire an attorney is unclear (*People v. Lewis* (1988), 165 Ill. App. 3d 97, 103, 518 N.E.2d 741, 745 (awaiting loan approval); *Koss*, 52 Ill. App. 3d at 607, 367 N.E.2d at 1041 (awaiting money from home)).

■■■ Based on this record, we conclude that the court's decision to deny defendant the counsel of his choice was an abuse of discretion. We therefore reverse and remand. To avoid double jeopardy problems on remand, we find that the evidence adduced at trial was sufficient to sustain defendant's convictions. This ruling in no way implies a finding as to defendant's guilt that would be binding on retrial, but merely allows the State to proceed again against defendant. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309-10, 391 N.E.2d 366, 375.

Reversed and remanded.

GREEN and KNECHT, JJ., concur.