THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROME JONES, Defendant-Appellant.

Fourth District   No. 4—93—0420

Opinion filed March 10, 1995.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Leslie Hairston, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Following a jury trial, defendant Jerome Jones was convicted of the offense of retail theft in excess of $150, a violation of section 16A—3(a) of the Illinois Criminal Code of 1961 (720 ILCS 5/16A—3(a) (West 1992)), and sentenced to four years in prison. Defendant appeals his conviction, contending (1) he was denied his right to counsel of his choice, (2) the trial court erred in admitting the investigating police officer's testimony that he recognized defendant because that testimony served no other purpose than to suggest to the jury that defendant had a prior criminal record, and (3) the court erred in proceeding on the second day of trial in defendant's absence because that absence was not wilful. We reverse and remand on the last issue.

At trial several employees at Venture in Decatur, Illinois, testified they observed defendant in the store the evening of December 19, 1992, either in person or on security cameras. Defendant approached the service desk, located directly behind the front doors, pushing a shopping cart holding a Casio keyboard and a Sony stereo.

Defendant looked at the employee acting as the door greeter, pushed the cart over to the number dispenser, and took a number. Defendant continued to eye the greeter while he stood in line at the service desk. He pushed the cart closer to the front door, walked back to the dispenser, returned to the service desk and filled out a form, placing it in a slot. Defendant did no business at the service desk. When the greeter was sweeping at a distance from the front doors, defendant pushed the shopping cart out the front door. All this was recorded on videotape. Tracy Bruner, a Venture employee, followed defendant out to the parking lot. Bruner observed defendant throw the items into the back of a white Mustang convertible and jump into the passenger seat, and the car, driven by a black female, sped away. Bruner wrote down the car's license plate number.

Timothy Boulware, a Decatur police officer, testified he was called to Venture at 7:34 p.m. on the night in question. Bruner provided him with a vehicle description and license plate number of the car in which the suspects left. Boulware then viewed the videotape. Over defense counsel's objection, Boulware testified he recognized the suspect and had seen him before. He then identified defendant as the man he had seen in the videotape. Boulware stated that in the early morning hours of December 23, 1992, he had seen a white convertible Mustang with a license plate number matching the one the Venture employee had written down. Tracy Jones, defendant's wife, had been driving, and defendant had exited the passenger side of the vehicle. Boulware had then taken a photograph of defendant, and this picture was admitted into evidence.

The State rested, and defendant filed a motion for a directed verdict, which was denied. No evidence was presented on defendant's behalf. The next day, following closing argument and deliberations, the jury returned a verdict of guilty.

Defendant asserts he is entitled to a new trial because he was not present for closing argument. The trial was continued for closing argument to March 23 at 9 a.m., with arguments to be limited to 15 minutes per side. According to the court's recollection (put on the record during the hearing on the post-trial motion), defendant was not present at 9 a.m., the court asked what should be done, and the response from counsel was "well, go ahead." Closing arguments began about 9:05 a.m., and defendant came in sometime during the "closing procedures." The arguments were completed at 9:25 a.m. The March 23 transcript shows only that an off-the-record conference was held and the "cause resumed as scheduled with the counsel present and jury returned into open court." During the hearing on the post-trial motion, defendant testified he knew the trial was to resume at 9 a.m.,

he arrived at 9:15 a.m. but a bailiff prevented him from entering the courtroom until the arguments were completed or about completed, and he was late because he was "stressed."

■ The section of the Code of Criminal Procedure of 1963 (Procedural Code) (725 ILCS 5/115—4.1 (West 1992)) which applies where a defendant fails to appear at the time trial is to commence could be argued to cover the situation where a defendant absents himself after trial has commenced. "If trial had previously commenced in the presence of the defendant and the defendant willfully absents himself for two successive court days, the court shall proceed to trial." (725 ILCS 5/115—4.1(a) (West 1992).) The supreme court, however, concerned with disruption of court dockets and with allowing a defendant to benefit from his own defiance of the criminal justice system, has held that section 115—4.1(a) of the Procedural Code is permissive, not mandatory, and does not require a court to wait two days before continuing with a trial after defendant has failed to return. (*People v. Flores* (1984), 104 Ill. 2d 40, 50, 470 N.E.2d 307, 311.) Since *Flores*, section 115—4.1(a) provides little guidance how a court should proceed in dealing with an absence after trial has begun. Even if section 115—4.1(a) does not apply, however, trial courts do not have arbitrary power to proceed; a trial court in some cases will abuse its discretion by proceeding in the absence of defendant.

In *People v. Devoe* (1987), 163 Ill. App. 3d 855, 516 N.E.2d 1017, defendant was not present at a July 23 status call or the August 29 trial date. The trial court continued the case to September 20, and only after the prosecutor stated he had attempted to locate defendant did it proceed with trial *in absentia*. Defendant was arrested two years later. In *People v. Nivens* (1992), 239 Ill. App. 3d 1, 603 N.E.2d 1275, when defendant did not appear, the trial court continued the trial to the next day. After defense counsel was still unable to contact defendant the trial court began the trial. Defendant did not appear until over a month later. In *Flores*, the trial had been recessed to the next day at 9:30 a.m. When defendant did not appear the case was continued to 10:45 a.m., and the court asked defense counsel about efforts to contact defendant, then continued the case until 1 p.m. Defendant did not reappear for four years.

■ In contrast, in the present case, the trial court waited only five minutes, there is no indication in the record that any attempt was made to contact defendant, and defendant did appear 15 minutes late. This is not a case where waiting a few minutes or hours would have been fruitless. Nor is this a case where defendant was in a different city on the day his trial was to begin. (See, *e.g., People v.*

*Wheeler* (1989), 186 Ill. App. 3d 422, 542 N.E.2d 524.) The logical assumption when a defendant is five minutes late to a hearing is that he is held up in traffic or confused as to the starting time, not that he has chosen not to attend the proceedings. The trial court should have sought further information about defendant's situation before proceeding with the trial. (*Wheeler*, 186 Ill. App. 3d at 426, 542 N.E.2d at 526.) We doubt the trial court would have proceeded with, or dismissed, the case if it had been the prosecutor who had been five minutes late. See generally *People ex rel. Department of Revenue v. Countryman* (1987), 162 Ill. App. 3d 134, 136, 514 N.E.2d 1038, 1039-40.

We conclude that the trial court abused its discretion here, where defendant had appeared previously, was only 15 minutes late, and no attempt had been made to locate him. It is not necessary that the State perform "heroic efforts" to ascertain the whereabouts of a missing defendant (*People v. Joyner* (1982), 109 Ill. App. 3d 1083, 1088, 441 N.E.2d 1214, 1217), but a court may not simply proceed on and ignore the fact that defendant is not present. Waiting a few minutes to see whether defendant is caught in traffic, or attempting to telephone defendant's residence, are not "heroic efforts."

■ Where the State has made a *prima facie* case under section 115—4.1(a) and a trial *in absentia* has been completed, a defendant must be granted a new trial if he sustains his burden of establishing that his failure to appear in court was both without his fault and due to circumstances beyond his control. (725 ILCS 5/115—4.1(e) (West 1992).) A defendant does not sustain that burden by showing confusion or forgetfulness over the date, or inability to arrange for transportation. (*People v. Canal* (1991), 210 Ill. App. 3d 733, 736, 569 N.E.2d 233, 235.) In *Canal*, defendant was not present when the trial was to commence. The trial court apparently made some effort to locate defendant, although the opinion does not indicate how long the court waited before proceeding with trial. Defendant telephoned her attorney at 12:50 p.m. with the message she had overslept and was now on her way. Accordingly, the case was continued until 2 p.m. for her appearance, which never occurred. (*Canal*, 210 Ill. App. 3d at 734, 569 N.E.2d at 233.) *Canal* is not inconsistent with our decision in this case.

■ ■ In its brief the State notes that defense counsel did not object when the trial court resumed the trial after waiting only five minutes. The State implies that failure to object amounts to a waiver, but an attorney has no power to waive the right of an accused to be present at trial. (*Flores*, 104 Ill. 2d at 50-51, 470 N.E.2d at 311-12, quoting *People v. Allen* (1967), 37 Ill. 2d 167, 171, 226 N.E.2d 1, 3.)

The accused may waive his right to be present, but his attorney may not do it for him. (*People v. Mallett* (1964), 30 Ill. 2d 136, 141-42, 195 N.E.2d 687, 690.) The State also argues that "defendant's tardiness did not rise to the level of being tried *in absentia*" and that the protections of section 115—4.1 of the Procedural Code do not apply when defendant is simply late for trial. We do not hold that section 115—4.1 applies to absences in the middle of trial. We hold only that the trial court abused its discretion.

■ In ruling on the post-trial motion, the trial court stated defendant had not been prejudiced by not being present for closing argument. Jurors, however, have a tendency to speculate as to the reasons for a defendant's absence; indeed, prosecutors are allowed to argue the defendant's absence is evidence of guilt. (*People v. Ocasio* (1990), 205 Ill. App. 3d 157, 162, 562 N.E.2d 549, 552.) The trial court did not know whether the jury was aware that defendant had arrived, albeit late. We are not convinced there was no prejudice.

For the guidance of the parties we address defendant's remaining contentions. Defendant argues he was denied his right to counsel of his choice. At his arraignment on December 24, 1992, defendant testified he had been working at G.E. Railcar for approximately 19 months and was going to try to obtain private counsel before the preliminary hearing, set for December 30. Defendant appeared on December 30, 1992, and moved for a continuance to retain counsel. As the State did not object, the motion was allowed, and the cause was allotted for the appearance of counsel on January 12, 1993. On that date, defendant appeared and informed the court he could not afford to retain private counsel. He requested appointed counsel, and the public defender was appointed. On January 14, 1993, defendant appeared with counsel and waived his preliminary hearing. At a trial readiness call on March 1, 1993, both parties announced ready for trial.

On March 23, 1993, the cause was called for jury trial. Defendant immediately stated he could now afford a private attorney. At a meeting held in chambers, the trial judge asked defendant the attorney's name. Defendant stated, "I don't—I forget the guy's name, works over at Bresford or somewhere over there. He was in here earlier." Several minutes later, the following exchange took place:

"THE COURT: You don't know who he is?

A. [Defendant]: He was here earlier. I don't know his name. He works over in that building right over there next to Motel Imperial. I forgot his name.

Q. [Public Defender]: Mr. Wheeler?

A. [Defendant]: Mr Wheeler. Kind of gray-haired guy.

Q. [Public Defender]: With a beard?

A. [Defendant]: Yeah. Yeah. Full beard."

The court indicated defendant had had months in which he could have retained private counsel and concluded defendant's request was "purely a stall." Defendant responded he had been laid off for two months but was currently working and thus able to afford private counsel. He stated he would have a lawyer "by Friday" (March 26). He stated the attorney was going to charge him approximately $1,500 and his mother-in-law would loan him $500. The trial court suggested that defendant could have made this announcement the previous day, when the case had been called for trial but was continued because of an insufficient jury pool. The court pointed out witnesses were present and everybody was "ready to go." The court added:

"I'm not satisfied that you can afford one. You don't even know his name. You don't have anything. You think maybe it's fifteen hundred dollars. You think that you may have money. The answer is, no, we're going to proceed."

A defendant in a criminal case has a constitutional right to the assistance of counsel. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8.) This right includes the right to be represented by counsel of one's own choice. (*People v. Green* (1969), 42 Ill. 2d 555, 557, 248 N.E.2d 116, 117; *People v. Young* (1990), 207 Ill. App. 3d 130, 133, 565 N.E.2d 309, 311.) However, the right to counsel of one's choice is not absolute. (*People v. Langley* (1992), 226 Ill. App. 3d 742, 747, 589 N.E.2d 824, 828; *People v. Lewis* (1988), 165 Ill. App. 3d 97, 102, 518 N.E.2d 741, 744.) A defendant cannot assert that right in order to, even temporarily, thwart the administration of justice or to otherwise impede the effective prosecution of a crime. (*Langley*, 226 Ill. App. 3d at 747, 589 N.E.2d at 828; *People v. Free* (1983), 112 Ill. App. 3d 449, 454, 445 N.E.2d 529, 532.) Whether defendant's right to select counsel unreasonably interferes with the administration of justice depends upon the facts and circumstances of each case, and a trial court's denial of a defendant's request to substitute counsel will not be overturned absent an abuse of discretion. (*Langley*, 226 Ill. App. 3d at 747, 589 N.E.2d at 828; *Young*, 207 Ill. App. 3d at 134, 565 N.E.2d at 311.) A court does not abuse its discretion in denying a defendant a continuance to obtain substitute counsel where new counsel is unidentified or does not stand ready, willing, and able to make an unconditional entry of appearance on defendant's behalf. *Langley*, 226 Ill. App. 3d at 747, 589 N.E.2d at 828; *Young*, 207 Ill. App. 3d at 134, 565 N.E.2d at 311; *Lewis*, 165 Ill. App. 3d at 103, 518 N.E.2d at 745.

Defendant notes that in *Young* and *People v. Washington* (1990),

195 Ill. App. 3d 520, 552 N.E.2d 1067, the trial courts were found to have erred in refusing to allow defendants to substitute counsel. Those cases are distinguishable from the instant case. In *Young*, the defendant had retained private counsel who was in court on the date of trial prepared to make an entry of appearance. (*Young*, 207 Ill. App. 3d at 132, 565 N.E.2d at 310.) In *Washington*, as in this case, defendant first requested a continuance for substitute counsel on the date of trial. (*Washington*, 195 Ill. App. 3d at 524-25, 552 N.E.2d at 1069-70.) However, the defendant in *Washington* had already retained private counsel and, as that counsel was unavailable on the trial date, requested a continuance so that counsel could appear. (*Washington*, 195 Ill. App. 3d at 523-24, 552 N.E.2d at 1069.) As that was the defendant's first request for a continuance, the court determined there was no evidence that the request was being used merely as a delaying tactic. (*Washington*, 195 Ill. App. 3d at 525, 552 N.E.2d at 1070.) The court also determined the trial court "very easily could have confirmed or dispelled its suspicion" that defendant's request was a delaying tactic by making further inquiries into the employment of the substitute counsel. *Washington*, 195 Ill. App. 3d at 526, 552 N.E.2d at 1070.

■ Here, the trial court did make further inquiries. The court closely questioned defendant to determine whether defendant's request was a delaying tactic. The court determined defendant did not know the attorney's name and was not certain whether he would have enough money to retain the attorney. Defendant had not in fact retained the attorney, so his statements about when the attorney would make an entry of appearance and how much he would charge remained mere speculation. Given these facts, the trial court did not abuse its discretion in denying defendant's motion for continuance.

■ Defendant next contends the trial court erred in allowing Officer Boulware to testify that he recognized the suspect on the videotape as defendant and that he had seen defendant before. A police officer's testimony of his or her prior acquaintance with a defendant should be avoided unless somehow relevant. (See *People v. Bryant* (1986), 113 Ill. 2d 497, 514, 499 N.E.2d 413, 421; *People v. Stover* (1982), 89 Ill. 2d 189, 196, 432 N.E.2d 262, 266.) In response to the public defender's objection, the trial court here stated a police officer could testify if he recognized a defendant from a photograph, provided he did not state how he recognized the defendant. It is within the trial court's discretion to decide whether evidence is relevant and admissible, and the trial court's decision shall not be overturned absent a clear abuse of that discretion resulting in manifest prejudice to the defendant. *People v. Hayes* (1990), 139 Ill. 2d 89, 130, 564 N.E.2d 803, 820.

Defendant asserts Boulware's testimony served solely to underscore defendant's prior involvement in criminal activity. He argues that Boulware's testimony was not necessary to identify defendant because four witnesses had already identified defendant and a videotape depicting defendant had been shown, and because the identification of defendant was not an issue to be decided by the jury. We disagree. There is no harm in presenting cumulative evidence of identification, even if identification is not a hotly disputed issue. Boulware did not state how he recognized defendant. Moreover, the only further reference made to Boulware's testimony was the State's Attorney's reminder, during closing arguments, that four witnesses made in-court identifications of defendant and that Boulware also identified and recognized defendant. The State's Attorney then stated, "So, there's no question in this case that the defendant, Jerome Jones, is the person who committed the retail theft." In light of their context and usage, we find nothing improper in the trial court's admission of the officer's statements. The officer's statements had legitimate probative value and contained little implication of criminal activity. See *People v. Brown* (1991), 222 Ill. App. 3d 703, 715, 584 N.E.2d 355, 363.

In conclusion, because the trial court abused its discretion in proceeding with the trial in the absence of defendant, we reverse and remand for a new trial.

Reversed and remanded.

LUND and GREEN, JJ., concur.