THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LINDA J. BASLER, Defendant-Appellant.

Fifth District    No. 5—97—0979

Opinion filed April 8, 1999.—Rehearing denied May 19, 1999.

HOPKINS, J., specially concurring.

Daniel M. Kirwan and Paige Clark Strawn, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael Wepsiec, State's Attorney, of Murphysboro (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Linda Basler, was convicted by a jury of driving under the influence and was sentenced to 12 months' probation. The defendant argues that her conviction must be reversed because (1) the trial court abused its discretion when it denied her a continuance to hire private counsel, (2) she was denied a fair trial by the admission of evidence of results from a horizontal-gaze-nystagmus test and by improper prosecutorial remarks, and (3) she was denied the effective assistance of counsel because trial counsel failed to object to the admission of the horizontal-gaze-nystagmus test results. The defendant also

contends that the trial court's order requiring her to pay $25 for public defender services must be vacated because a hearing on her ability to pay was not held. For the following reasons, we reverse and remand this cause for a new trial.

The defendant first argues that her conviction must be reversed because the trial court improperly denied her request for a continuance. On the day of her trial, the defendant requested a continuance to seek private counsel because she and her appointed attorney did not agree on certain matters. The defendant also stated that she had been ill, that she did not feel capable of assisting in her defense, and that some of her witnesses were not able to testify that day. The defendant's case had already been continued three times—twice on her motion with the agreement of the State and once on the State's motion. The court, without any further inquiry, ruled that there was no evidence justifying a continuance and denied the defendant's motion.

■■■ The constitutional right to counsel includes the right to counsel of one's own choosing. *People v. West*, 137 Ill. 2d 558, 588, 560 N.E.2d 594, 608 (1990). In determining whether to grant a continuance, the trial court is required to balance the defendant's fundamental right to counsel of her choice against the interests of the State, the court, and the witnesses in the efficient disposition of cases without unreasonable delay. *People v. Little*, 207 Ill. App. 3d 720, 723, 566 N.E.2d 365, 367 (1990). The right to counsel cannot be used as a weapon to thwart the administration of justice or to otherwise impede the effective prosecution of crime. *People v. Friedman*, 79 Ill. 2d 341, 349, 403 N.E.2d 229, 233 (1980). The balancing of interests necessitates a review of the defendant's diligence and an inquiry into her reasons for her request, to determine whether she is being truthful or is merely attempting to delay her case. *Friedman*, 79 Ill. 2d at 347; *People v. Green*, 42 Ill. 2d 555, 557, 248 N.E.2d 116, 117 (1969). The determination of whether the denial of a motion for a continuance violates a substantive right of the accused turns upon the particular facts of each case. *Friedman*, 79 Ill. 2d at 348. The decision of whether to grant a continuance is within the sound discretion of the trial court, and that decision will not be reversed absent an abuse of discretion. *People v. Young*, 207 Ill. App. 3d 130, 134, 565 N.E.2d 309, 311 (1990). A court does not abuse its discretion in denying a continuance where new counsel is not identified or does not stand ready to make an unconditional entry of appearance. *People v. Langley*, 226 Ill. App. 3d 742, 747, 589 N.E.2d 824, 828 (1992); *People v. Jones*, 269 Ill. App. 3d 925, 932, 647 N.E.2d 612, 617 (1995).

The defendant stated before trial that she and her appointed

counsel had a number of disagreements. The defendant cites several cases in which trial courts were held to have erred in refusing to allow a continuance to substitute counsel. The State points out that, in those cases, the defendant had already retained private counsel. It appears that the defendant in this case did not have substitute counsel at the ready.

However, a review of those cases shows that when the courts failed to inquire into whether the request to substitute counsel was being made as delaying tactic, a reversal was warranted. *Green*, 42 Ill. 2d at 557, 248 N.E.2d at 117; *People v. Washington*, 195 Ill. App. 3d 520, 526, 552 N.E.2d 1067, 1070 (1990); *Little*, 207 Ill. App. 3d at 724, 566 N.E.2d at 369. In *Jones*, which upheld the trial court's denial of a continuance, the court made further inquiries and closely questioned the defendant to determine whether his request was a delaying tactic. *Jones*, 269 Ill. App. 3d at 933, 647 N.E.2d at 618. The trial court concluded that defendant's continuance was "purely a stall." *Jones*, 269 Ill. App. 3d at 932, 647 N.E.2d at 617.

■ In the case at bar, no such inquiries were made. The trial court opined that the defendant's appointed counsel was a dedicated attorney who would do a good job, and the court denied the motion and called in the jury for *voir dire*. There was no finding or even a suggestion that the continuance was being sought to delay the defendant's case. The trial court did not ask the defendant if she had a specific attorney in mind. Additionally, the trial court did not inquire into the materiality of the testimony of the defendant's missing witnesses or the seriousness of the medical condition that she claimed hampered her ability to assist in her defense. Because the trial court rejected the defendant's motion for continuance without inquiring further about her circumstances or finding that she presented the motion merely to delay her trial, we conclude that the trial court abused its discretion. We, therefore, reverse and remand for a new trial.

■ The defendant next contends that she was denied a fair trial by the admission of the results of a horizontal-gaze-nystagmus (HGN) test without a *Frye* hearing and without a sufficient foundation. The decision in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), recognizes that a scientific principle must be generally accepted in the scientific community in order for testimony regarding that principle to be admissible. *Frye* has been adopted in Illinois. See *People v. Baynes*, 88 Ill. 2d 225, 430 N.E.2d 1070 (1981); *People v. Jordan*, 103 Ill. 2d 192, 469 N.E.2d 569 (1984). The use of the *Frye* standard in federal courts was overruled by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993), but *Frye* remains the law in Illinois. See *People v. Miller*, 173 Ill. 2d 167, 670

N.E.2d 721 (1996). In this regard, see the thoughtful analysis of Justice Steigmann in *Harris v. Cropmate Co.*, 302 Ill. App. 3d 364, 706 N.E.2d 55 (1999). Because of our holding on the first issue, we need not determine whether a sufficient foundation was laid for the HGN test evidence in the trial court. But because the State will probably wish to introduce the HGN test evidence on remand, and to prevent any error on retrial, we will address the defendant's argument that HGN test evidence should not be admitted without a *Frye* hearing.

In *People v. Buening*, 229 Ill. App. 3d 538, 592 N.E.2d 1222 (1992), this court held that the HGN test meets the *Frye* standard and is admissible when a proper foundation is laid. However, in *People v. Kirk*, 289 Ill. App. 3d 326, 681 N.E.2d 1073 (1997), the fourth district declined to follow *Buening*, because it felt that *Buening* placed too much emphasis on other courts' opinions. We agree with *Kirk* that relying on other courts' opinions to conclude that the HGN test meets the *Frye* standard may cause problems.

We are unfamiliar with the record that was presented to the *Buening* court. That record may well have contained information which supported a finding of reliability that was not based solely on other courts' opinions. Since no such record exists in this case, possibly because of *Buening*, and since we are reversing on the first issue anyway, we suggest to the trial court that if there is a retrial and the State wishes to introduce evidence of the HGN test results, a *Frye* hearing might well be appropriate.

■ The defendant also argues that the court's order requiring her to pay $25 for public defender services must be vacated because a hearing was not held on her ability to pay. Section 113—3.1 of the Code of Criminal Procedure of 1963 requires that prior to ordering the defendant to reimburse public defender fees, a court must conduct a hearing into the defendant's financial circumstances. 725 ILCS 5/113—3.1(a) (West 1994); *People v. Love*, 177 Ill. 2d 550, 554, 687 N.E.2d 32, 38 (1997).

The State points out that the defendant did not include in the record on appeal the transcript of the sentencing hearing, and the State argues that the appellant has the burden of providing a record which shows the error she claims and that any doubts arising from an incomplete record must be resolved against her. See *People v. Generally*, 170 Ill. App. 3d 668, 676, 525 N.E.2d 106, 110 (1988). However, the defendant contends that, because no such hearing was held, it is not possible to provide a record of the hearing. The defendant requested the trial court to include in the record on appeal all exhibits offered at trial, sentencing, and other hearings. During oral arguments, the defendant informed this court that Jackson County does

not provide court reporters for sentencing hearings in misdemeanor cases. Although we recognize that the defendant could have provided a bystander's report of the hearing, we find that requiring such would be an inefficient procedure and could encroach upon a convicted defendant's liberty interests. We, therefore, reverse the trial court's order of reimbursement and remand for a hearing consistent with section 113—3.1 of the Code of Criminal Procedure of 1963. On remand, an effective method of memorializing the proceeding, preferably a court reporter, should be provided.

■ In view of our holding on the first two issues, it is unnecessary for us to discuss the defendant's remaining contentions. We note that our holding does not raise any double jeopardy issues. When a conviction is reversed on grounds other than the sufficiency of the evidence, a remand and a new trial are proper and are not a violation of the concept of double jeopardy. *Price v. Georgia*, 398 U.S. 323, 26 L. Ed. 2d 300, 90 S. Ct. 1757 (1970).

Reversed and remanded with directions.

KUEHN, J., concurs.

JUSTICE HOPKINS, specially concurring:
Although I concur in the majority's decision to reverse defendant's conviction, I disagree with the majority's inference that *People v. Buening*, 229 Ill. App. 3d 538 (1992), has some diminished value because it relied on other courts' opinions. As Justice Steigmann indicates in his special concurrence in *People v. Kirk*, 289 Ill. App. 3d 326, 335 (1997), we ought to rely on "other court's opinions" when they are well reasoned and when those opinions have exhaustively examined the available literature in the scientific community. HGN testing has had innumerable *Frye* hearings, as *Buening* observed, and if the foundation of the police officer's training is clearly established, it is a step backward to require a *Frye* hearing in the retrial of this case. .