NOTICE

Decision filed 05/04/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220318-U

NO. 5-22-0318

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Montgomery County. |
| | ) | |
| v. | ) | No. 16-CF-25 |
| | ) | |
| LANCE M. DAVIDSON, | ) | Honorable |
| | ) | James L. Roberts, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the only arguable omissions from the preplea admonishments did not prejudice defendant, the circuit court did not err in denying his motion to withdraw his guilty plea. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Lance M. Davidson, pleaded guilty to aggravated battery. He filed a motion to withdraw the plea. After protracted proceedings, the circuit court denied it, and defendant appealed. The court appointed counsel to represent defendant on appeal.

¶ 3    Defendant's appointed counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious contention that the court erred in denying defendant's motion to withdraw. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has

1

notified defendant of its motion, and this court has provided him with ample opportunity to respond. However, he has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4                                      BACKGROUND

¶ 5       This case has a lengthy and complex procedural history which, for present purposes, we need recount only briefly. On May 26, 2016, defendant pleaded guilty to aggravated battery. He almost immediately withdrew the plea but, five days later, again pleaded guilty to the same charge. In exchange, the State agreed to dismiss an additional charge of domestic battery and recommend a sentence of no more than three years' imprisonment. The State further agreed to reduce a charge in an unrelated case, No. 15-CF-169, to a "misdemeanor for a time-served conviction."

¶ 6       The court admonished defendant of the charge and the possible penalties. The court also informed defendant of the rights he would be waiving by pleading guilty. The court neglected to mention that defendant had the right to plead not guilty or to persist in such a plea (see Ill. S. Ct. R. 402(a)(3) (eff. July 1, 2012)), although defendant signed a written guilty plea form containing this information. The State provided a factual basis. Following a hearing, the court sentenced defendant to three years' imprisonment.

¶ 7       Defendant moved to withdraw the plea. He also filed numerous *pro se* motions complaining about his appointed attorneys. During various court appearances, defendant vacillated between requesting new counsel, attempting to work with his existing counsel, and proceeding *pro se*. Eventually, the circuit court decided that defendant would proceed *pro se*.

2

¶ 8    With defendant representing himself, the circuit court denied the motion to withdraw the guilty plea. However, the court reduced defendant's sentence from three years to two in response to his contention that he was not properly admonished about the one-year mandatory supervised release period that would follow his prison sentence. See generally *People v. Whitfield*, 217 Ill. 2d 177 (2005).

¶ 9    On direct appeal, this court held that the circuit court erred by requiring defendant to proceed *pro se* without complying with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). We therefore reversed the denial of the motion to withdraw and remanded the cause. *People v. Davidson*, No. 5-17-0331 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 10    Following remand, the circuit court appointed new counsel, Timothy Palen. After some short delays, counsel sought a further continuance in the hopes of negotiating a resolution to this case as well as two newer cases. The court, despite noting that this was an "older case," granted a short continuance.

¶ 11    At an April 21, 2022, hearing, Palen stated that he was leaving the public defender's office and asked to continue this case so that it could track along with defendant's new cases until defendant could have new counsel appointed. The court explained that this case had "been pending for a long time" and had been continued several times, noting that it had granted the previous continuances only because the parties were trying to resolve all the pending cases. The court continued the case to the following week but cautioned that if the parties could not resolve all of the cases, a hearing would proceed on the pending motion to withdraw the plea in this case.

¶ 12    At the next hearing, on April 27, 2022, Palen argued the pending motion to withdraw the plea. He contended that the court did not admonish defendant of his right to persist in his not-

3

guilty plea and that the court had failed to admonish him that his sentence in this case would be mandatorily consecutive to any sentence imposed in 15-CF-169. In response, the State offered as an exhibit a transcript of the May 26 plea hearing to show that defendant was properly admonished. The court denied the motion and defendant appealed.

¶ 13                                   ANALYSIS

¶ 14    OSAD concludes that there is no reasonably meritorious argument that reversible error occurred during the post-remand proceedings on defendant's motion to withdraw his guilty plea. We agree.

¶ 15    OSAD first concludes that there is no merit to a contention that the court erred substantively by denying the motion to withdraw. A defendant has no absolute right to withdraw his guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 32. Rather, he must show a manifest injustice under the facts involved. *Id.* Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt of the defendant's guilt and justice would be better served by a trial. *Id.* The decision to grant or deny a motion to withdraw a guilty plea rests in the circuit court's sound discretion and will not be reversed absent an abuse of that discretion. *People v. Baez*, 241 Ill. 2d 44, 109-10 (2011).

¶ 16    Illinois Supreme Court Rule 402(a) requires a court to admonish a defendant to ensure that he understands: (1) the nature of the charge; (2) the minimum and maximum penalties for the offense; (3) the right to plead not guilty, or to persist in that plea; and (4) that if he pleads guilty, there will not be a trial of any kind, and that by pleading guilty, he waives the right to a trial by jury and the right to confront the witnesses against him. Ill. S. Ct. R. 402(a) (eff. July 1, 2012).

¶ 17    Here, the only admonishment at issue was that prescribed in Rule 402(a)(3): that defendant had a right to persist in his plea of not guilty. However, the written guilty plea defendant signed

4

contained the missing admonishment, and we may consider such documents in the record when deciding whether a defendant was properly admonished. See *People v. Daugherty*, 394 Ill. App. 3d 134, 139 (2009).

¶ 18    The only other point the defense argued at the post-remand hearing was that defendant was not admonished that the sentence in this case had to be consecutive to any prison sentence imposed in 15-CF-169. However, it was clear by the time of the second guilty plea hearing that no prison sentence would be imposed in 15-CF-169. The prosecutor announced that the charge in that case was being reduced to a "misdemeanor for a time-served conviction." Thus, defendant could not have been prejudiced by the failure to inform him of something that was no longer a possibility.

¶ 19    OSAD further concludes that there is no good-faith argument that the court erred by denying Palen's motion for a continuance. Whether to grant a continuance is within the circuit court's sound discretion. *People v. Young*, 207 Ill. App. 3d 130, 134 (1990). Here, although the case had been pending for nearly six years, the court did grant a short continuance. Palen's only stated reason for seeking a continuance was to try to effect an omnibus resolution of this case and some newer cases with which it had no inherent connection. The court, on the other hand, wanted to complete the hearing on the long-pending motion to withdraw before Palen left the public defender's office.

¶ 20    When the case was called on April 27, Palen proceeded to argue the existing motion without renewing his request for a continuance. He never suggested that he needed additional time to prepare. Under the circumstances, the court's denial of an additional continuance was not an abuse of discretion.

¶ 21   OSAD next concludes that there is no question that postplea counsel complied with Illinois Supreme Court Rule 604(d).  That rule requires counsel appointed to represent a defendant on a postplea motion to

> "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 22   Here, counsel filed a certificate that closely tracks the rule's language.  Although counsel did not file an amended motion, this is not necessarily required (*People v. Lindsay*, 239 Ill. 2d 522, 525-31 (2011)), and it is not apparent from the record how amending the motion would have produced a better result.

¶ 23   OSAD's final proposed issue is whether defense counsel was ineffective for failing to object to the State's use of the wrong transcript during argument on the motion.  At the April 27 hearing, the State offered a transcript from the May 26 plea—which defendant withdrew—rather than the subsequent plea that was the subject of the motion.  Counsel did not object.

¶ 24   To establish that a defendant's counsel was ineffective assistance, he or she must establish both that the attorney's performance was deficient and that the defendant suffered prejudice as a result. *People v. Manning*, 227 Ill. 2d 403, 412 (2008) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).  We agree with OSAD that, even if counsel's failure to object to the State's use of the incorrect transcript was deficient, defendant was not prejudiced.  We have already determined

that neither of the issues raised in defendant's motion had substantive merit. The only omission from the admonishments at the second hearing was harmless, and thus there is no reasonable likelihood that calling the court's attention to the State's use of the incorrect transcript would have changed the result.

¶ 25                                    CONCLUSION

¶ 26    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 27    Motion granted; judgment affirmed.